The J. B. Watkins Land Mortgage Company v. M. A. Mullen.

### No. 240.*

1. PROBATE COURT—*Jurisdiction.* The facts stated, and *held*, that the probate court did not have jurisdiction to render judgment in this case.

2. JURISDICTION—*Power to Render Particular Judgment.* Jurisdiction is not only the power to hear and determine, but also the power to render the particular judgment entered in the particular case.

3. EVIDENCE *Examined.* The evidence examined, and *held*, that the judgment of the trial court is fully sustained.

* Pending in supreme court. See 61 Kan.—REP.

Error from Rush district court; J. E. ANDREWS, judge. Opinion filed October 20, 1898. Affirmed.

*Bishop & Mitchell*, and *J. H. Mitchell*, for plaintiff in error.

*H. E. Winterburn*, and *J. W. McCormick*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Judgment was rendered against the defendants, including M. A. Mullen, and the land ordered sold without appraisement. An order of sale was issued and the land sold to J. B. Watkins for $500. A motion was made to confirm the sale. On the 11th day of January, 1894, M. A. Mullen filed objections to the confirmation, and afterward was permitted to file an answer and cross-petition to the petition of plaintiff. She alleged, in substance: That the title of the plaintiff to the land conveyed in the mortgage sought to be foreclosed was void, because that title was derived through conveyances from a certain administrator's deed made by one Thomas Kennedy, as administrator of the estate of Bridget O'Connor, deceased; that the conveyance made by said Thomas Kennedy as administrator was void, because the land so sold was the homestead of Bridget O'Connor and was sold by said administrator to pay debts contracted prior to the issue of the patent, and that such sale for such purpose was void under the provision of section 2296 of the Revised Statutes of the United States (1878), which is as follows:

"No land required [acquired?] under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

She further alleged in her answer that M. A. Mullen had begun on June 9, 1887, an action in the district court of Rush county, Kansas, against J. S. Smith, S. J. Collins, W. F. Gilmore, A. H. Teeter and William Neild to set aside all of said conveyances, which action was numbered 447 of the records of the district court of Rush county. She did not allege that the defendant William Neild, who was the original payee of the mortgage sued on by the plaintiff in this action, was ever served personally with summons or that he ever answered in said action.

To this answer and cross-petition plaintiff filed a reply. The J. B. Watkins Land Mortgage Company was substituted as plaintiff instead of Henry Dickinson, the cause was tried to the court on the issue joined without a jury, and judgment rendered for the defendant M. A. Mullen. The findings and judgment are as follows :

" That the J. B. Watkins Land Mortgage Company, a corporation under the laws of the state of Colorado, by stipulation, is substituted party plaintiff in place of Henry Dickinson, and is the real party plaintiff in interest in this case."

" That the said land described and set out in plaintiff's petition, to wit : The northwest quarter of section number 30, in township number 19 south, of range number 19 west of the sixth principal meridian, in Rush county, Kansas, was patented by the United States of America to the said Bridget O'Connor, as a homestead, under the homestead laws of the United States, and was so owned and held by her at the time of her death ; that Mary Ann Mullen was the sole and surviving heir of the said Bridget O'Connor, deceased, and is the absolute owner of the said real estate ; that the said real estate was sold for the payment of debts of the said Bridget O'Connor contracted and existing prior to the time that the said patent to said land was issued as aforesaid, by Thomas Kennedy, as adminis-

trator of the estate of the said Bridget O'Connor, deceased ; and that said probate court had no jurisdiction of the said estate, or to appoint an administrator for the said estate, and that the said administrator had no right or power to sell the said land, and that the title obtained by S. J. Collins, W. F. Gilmore, A. H. Teeter, Mary L. Teeter, I. S. Smith and William Neild from said sale of the said administrator is null and void ; and that the said mortgage sought to be foreclosed in this action is void, and conveys no right, title or interest in or to the said land, and that the plaintiff, under the said mortgage, has no right, title or interest in or to the said land ; and that the allegations of the answer in cross-petition of the said Mary Ann Mullen are true.

" It is therefore adjudged, ordered and decreed that the said Mary Ann Mullen is the absolute owner of the said real estate, and that the said administrator's sale of the said real estate by the said Thomas Kennedy is void, and the same is set aside and held for naught, and that the said mortgage sought to be foreclosed in this action is null and void, and passes no title, right or interest in or to the said real estate, and is hereby set aside, and decreed no lien on the said real estate.

" It is further adjudged, ordered and decreed that the right and title of the said Mary Ann Mullen in and to the said real estate be quieted in her and declared absolute as against the said mortgage and Henry Dickinson, and his assigns, the J. B. Watkins Land Mortgage Company, a corporation."

A motion for a new trial was filed and overruled, and the plaintiff in error brings the case here for review. The question presented is, Can the judgment of the probate court be attacked and set aside in this proceeding?

It is the universal rule that a judgment rendered without jurisdiction of the person or of the subject-matter is void, and therefore can be attacked directly or collaterally and set aside. Jurisdiction of the per-

son can be waived, but that of the subject-matter cannot.    Recently many courts have added another reason for which a judgment will be held void, and that is when the court rendering it did not have jurisdiction to enter a judgment in the particular case.

In this case no question is presented as to the jurisdiction of the person; and while it is argued that the probate court which rendered the judgment in controversy did not have jurisdiction of the subject-matter, this seems to be incorrect, since the probate court has jurisdiction to administer on estates of deceased persons and would have had jurisdiction to administer on this particular estate and to distribute it among the creditors for debts contracted after the patent to the land was issued.    Since the debts for which this estate was sold were contracted prior to the issue of the patent, it is clear that the probate court had no jurisdiction and no authority to enter the particular judgment in question.    The question in this case, then, is, Can the judgment be attacked in this collateral proceeding?    In *In re Dill*, 32 Kan. 691, 5 Pac. 49, the supreme court said:

"Generally, however, it may be shown, even in a collateral proceeding, that the jurisdictional facts in the particular case were such that the court did not have jurisdiction to make the order or render the judgment which it did in fact make or render."

It will be noticed that in this case Dill, the petitioner, was released on a writ of *habeas corpus*, notwithstanding the court that committed him to jail had authority to enter the kind of judgment rendered; but the supreme court held that it was improperly rendered because the facts of that case did not warrant it.    So it is in the case at bar.    The probate court had authority to administer on estates, but not on this particular

one, because the United States statute prohibited the land from being subjected to the payment of the debt for which it was sold. ''There is a tendency in the latest decisions in the United States to hold that jurisdiction is not only the power to hear and determine, but also the power to render the particular judgment entered in the particular case.'' (12 A. & E. Encycl. of L. 246, 247.) For authorities to the effect that a judgment of the court having jurisdiction of the case, but not jurisdiction to enter the particular judgment, may be collaterally impeached, see 12 American & English Encyclopedia of Law, 147, *note* 3 ; *United States v. Walker*, 109 U. S. 258, 3 Sup. Ct. 277 ; *Hans Nielsen, Petitioner*, 131 U. S. 176, 9 Sup. Ct. 672 ; *Cuddy, Petitioner*, 131 U. S. 280, 9 Sup. Ct. 703 ; *Seamster v. Blackstock*, 83 Va. 232, 2 S. E. 36.

There can be no hardship in this case in setting aside the sale of this property, since the whole chain of title is on record. The parties purchasing must take notice of the patent of record and of the law of congress relative to the land and of the probate procedure which attempted to bar the title. Since this property was subject to a law of congress, and the United States courts have held that the jurisdiction of a court to enter a particular judgment in a particular case may be attacked collaterally, we see no error in the proceedings of the trial court in this case.

Objection is made to the introduction in evidence of the pleadings and of depositions taken in the case of *Mullen v. Collins et al.*, in which it is said that Neild, the assignor of the plaintiff in error, was not served. Assuming that the ground of objection is well taken, the court has in this case found, as a matter of law, that the debts for which the land in question was sold were contracted prior to the issue of the patent, and

the sale was therefore void.   There is direct evidence in this case tending to prove this finding, and it should not, therefore, be disturbed.

The judgment of the district court is affirmed.