## CITY OF BEGGS et al. v. KELLY et al.

No. 15323—Opinion Filed June 16, 1925.

Rehearing Denied July 14, 1925.

1. **Municipal Corporations—Public Improvements—Engineer's Estimate—Assessment not Invalidated Where no Collusion Shown.**

The fact that the engineer's estimate of the cost of proposed improvements is illegal by reason of the inclusion therein of an improper item in the amount of fifteen per cent. does not authorize injunctive relief to taxpayers in the absence of collusion or fraud on the part of the successful bidder, where the proceedings are regular on the face thereof, and the contract has been let after public advertisement. City of Pauls Valley v. Carter, 108 Okla. 111, 234 Pac. 617, followed.

2. **Same—Improvement Bonds— Bonds not Liability of Municipality — Taxpayers Estopped by Acceptance of Benefits.**

Improvement bonds issued under sections 4610, 4611, 4612, and 4627, Comp. Stat. 1921, under the direct provision of said statute, shall in no event become a liability of the municipality. In such case the city is merely the collection agent for such bondholders. In the instant case, conceding, without deciding, that such bonds were sold below par, the taxpayers will not be heard to assert the invalidity of the assessment after having received all of the benefits that can accrue from the pavement. Such contention after the acceptance of the benefits comes too late, and said taxpayers are barred by estoppel and laches. Held, further, that this rule has no application to county or municipal bonds levied pursuant to a vote of the taxpayers, which are the direct obligation of the municipality.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by James B. Kelly et al. against the City of Beggs et al. From the judg-

ment, the latter appeal. Reversed and remanded.

Neff & Neff and Allen & Underwood, for plaintiffs in error.

Louis W. Pratt and James M. Springer, for defendants in error.

Opinion by LYONS, C. Parties will be referred to as in the court below. The plaintiff secured an order of injunction setting aside and enjoining the collection of certain special assessments levied by the City of Beggs, Okla., to pay part of the cost of paving district No. 1 in said city, and directing that a new assessment be levied for 85 per cent. of the amount of the assessment set aside. The city has appealed from this order and the plaintiffs have taken a cross-appeal, claiming that the entire assessment is null and void for the reason that the proceedings leading thereto are void.

The findings of fact of the trial court covering the controversy are as follows:

"The court further finds that within 30 days after the passage of the assessing ordinance the St. Louis & San Francisco Railway Company paid to the contractor the amount of the assessment against the railway company's right of way, less a discount of 20 per cent. of the amount of the assessment against said right of way as set forth in the assessing ordinance, and that the said discount of 20 per cent. was allowed and approved by the Healy Construction Company, the contractors for the work.

"The court finds that the contract awarded to the Healy Construction Company, in addition to the actual cost of construction, advertising, etc., contained an item of 15 per cent. of the total amount above the actual value of such improvements, upon the theory that the bonds to be delivered to the Healy Construction Company, upon payment of such work, were of a market value of 15 per cent. less than par, and that said item of 15 per cent. was included to offset such probable loss to the contractor on the sale of said bonds."

The conclusions of law thereon are as follows:

"First. That the engineer's estimate of the cost of the proposed improvement was illegal and void to the amount of 15 per cent. of such estimate for the reason that such amount was based upon the allowance to the contractor for the sale of bonds at a discount of 15 per cent.; and that the price at which the contract was awarded, being less than one quarter of one per cent. under the said estimate, was 15 per cent. in excess of a legal and valid estimate of cost of the proposed improvement.

"Second. That the acceptance by the contractor of the assessment against the St. Louis & San Francisco Railway right of way at a discount of 20 per cent. is determinative of an amount which was included in the contract price of the improvement to cover the sale of bonds, at a discount and that the assessments levied, laid and assessed against the property of plaintiffs was to an equal extent illegal, and in violation of the statute requiring that bonds or such portion thereof as may be necessary to provide for the payment of the assessment, shall be sold at not less than par and the proceeds thereof applied to the payment of the contract price of said improvement, and the other expenses incurred by the city in connection with such improvements of the issuance of such bonds, or turned over and delivered to the contractors at par value in payment of the amount due them on their contract.

"Third. The court further concludes, as a matter of law, that on account of the unlawful and invalid inclusion of the item of 15 per cent. to cover discount on bonds in the engineer's estimate, and in the contract price at which said contract was awarded, the contract for paving was invalid as to said amount, and the defendant, the city of Beggs, should be perpetually enjoined from levying any tax upon the property of the plaintiffs in the original petition, and those plaintiffs who came into this case within 60 days from the passage of the assessment, and should be enjoined from including in any assessment hereafter made against the property of such plaintiffs, the said amount of 15 per cent. for discount upon said bonds."

Assuming, without deciding, that the findings of fact as to the engineer's estimate is properly supported by the testimony, under the rule applicable to equity cases, the question for decision is, "Is the judgment of the trial court contrary to the findings of fact?" In other words, do the facts as to the engineer's estimate as found by the trial court invalidate the assessment in whole or in part? This question has been directly litigated before this court, and after mature consideration, the court has held in the case of City of Pauls Valley v. Carter, 108 Okla. 111, 234 Pac. 617:

"Where it affirmatively appears from the record of proceedings for the letting of a contract for public improvements that all the jurisdictional steps have been taken upon which the power of city authorities to contract depends, a contractor, in the absence of collusion or fraud in entering into a contract to construct such improvement, may rely upon the record of such proceedings, and where such contractor has expended money and labor for the benefit of the property improved under such contract, such property owner cannot defeat the statutory assessment being made by

such city authorities for such improvement by proof of extraneous facts tending to establish fraud of which the contractor has no knowledge.

"Under section 4590, Comp. Stat. 1921, the mayor and city council shall require an estimate by the city engineer of the cost of street improvements, and after report of such engineer as to the estimated cost and the approval of the same by the council, the passage and publication of the resolution of necessity and the expiration of time for protest by interested property owners, the awarding of bids to the successful bidder, and the letting of the contract pursuant thereto, such a contract is binding upon the parties and cannot be assailed in a court of equity other than on the grounds of fraud, accident, or mistake."

Under the authorities of that cause, and the recent decisions of this court therein cited, the contention of the plaintiffs in the taxpayers' action fails. Perkins v. City of Pawhuska, 106 Okla. 5, 232 Pac. 937; City of Tulsa v. Weston, 102 Okla. 222, 229 Pac. 108; Rogers v. Rogers, 102 Okla. 296, 229 Pac. 292.

It is further argued that this transaction, in view of the discount accepted in the railway company's payment, amounts to an indirect sale of bonds at less than par, contrary to law. It is unquestioned that bonds which are the direct obligation of a municipality cannot be sold at less than par, and that any sale or transaction which directly or indirectly violates the prohibitions against such sale below par, is invalid. Town of Buffalo v. Walker (opinion filed April 28, 1925, No. 15090, not officially reported) and cases therein cited. However, under the provisions of the Oklahoma statute providing for the issuance and sale of improvement bonds by municipalities, being sections 4610, 4611, 4612, and 4627, Comp. Stat. 1921, such bonds shall in no event become a liability of the city issuing the same. Can it be said, therefore, that the section providing that said bonds shall be sold at not less than par (being section 4611) has the effect of making void the instant transaction?

Assuming, without deciding, that such question is presented by the pleadings and record in this cause, we are of the opinion that the inhibition which appears against sales of bonds which are a direct liability of the municipality, has no application here. The language of the Supreme Court of Georgia in the case of City of Bainbridge v. Jester, 121 S. E. 798, is in point. Sections two and three of the syllabus are as follows:

"The judge of the superior court properly held that the bonds issued for paving, under the provisions of the act of 1920, were not a debt of the city of Bainbridge, but that the city by virtue of that act and the ordinances passed pursuant thereto, has merely contracted with the bondholder to become his agent in the collection, and to pay over to the bondholders the sums lawfully assessed against the property owner for paving.

"The paving which the complainants seek to enjoin was constructed with their knowledge in front of their lots, which the pavement adjoined and abutted, the construction involving large sums of money on the part of the contractor. After the completion of the work and the acceptance of the paving by the city authorities, it was too late for complainants to object, especially after the city council has afforded ample opportunity to the complainants to object to the execution of the contract and to the consequent assessments now sought to be corrected."

In the opinion the court passes directly on the question presented in the following language:

"In other words, is there anything in the contract itself which shows it to be invalid because the bonds were accepted in payment for the construction of the sidewalks instead of money, even though the price charged for the construction, if payable in bonds, exceeds the offer to construct for cash."

The language of the court in deciding this question is as follows:

"Conceding, but not deciding, that the bonds were sold below par, still it is unnecessary to pass upon that question at this time because a majority of the court are agreed that the defendants in error are estopped, after the contractor has fully complied with the contract, and has expended large sums of money, and after the paving has been accepted by the city, to assert the invalidity of the assessments, and the fi. fas. issued thereon. The lower court held that there was no laches. We are of the opinion that the defendants in error cannot assert this because they were bound to know what was going on; they could see the pavement in front of their respective property as it was constructed. They were notified by publication of all of the proceedings leading up to the contract upon which the assessments are based, and were afforded an opportunity to object before the contract was awarded. After having received all of the benefits that can accrue from the pavement, they will not be heard to contend for the first time that the contract, which, if it is illegal, they could have prevented, is invalid. Iverson v. Saulsberry, 65 Ga. 725; Southern Marble Co. v. Durnell, 94 Ga. 232,

21 S. E. 531; Vandiver v. Byrd-Matthews Lumber Co., 146 Ga. 117, 90 S. E. 960; Warner & Hill 153 Ga. 510, 112 S. E. 478; Arnold v. Board of Commissioners. 156 Ga. 753 120 S. E. 310. So. we hold that the judge erred in granting the injunction."

We think that in this case it fails to appear that the improvement bonds were sold below par, and it further appears affirmatively in this record that the attack upon the proceedings came at a time when the work had been completed, with the exception of putting on the top surface by the contractors, and that this work was absolutely essential to preserve the work previously done.

We hold therefore that the record in this cause does not disclose ground for the injunctive relief prayed, on the theory that bonds were sold below par.

We specifically have in mind that the bond issue in this case is in no event a liability of the city issuing the same, and the private owners who complain here are estopped at this time by reason of laches.

The judgment of the trial court ordering a new assessment, under the rule stated, is erroneous. The assessment was valid as ordered and should be sustained, No ground for injunctive relief appears, and it further appears that the facts found and proved do not constitute a cause of action or state any reason why the assessment should be changed or interfered with.

The judgment of the trial court should have denied the injunction and should have sustained the assessment. The cause is therefore reversed and remanded, with directions to the court to render judgment in favor of the city of Beggs, plaintiffs in error, denying the injunction and dismissing the petition.

By the Court: It is so ordered.