## MOORE v. CITY OF NAMPA.

Circuit Court of Appeals, Ninth Circuit.
April 18, 1927.

No. 5017.

**1. Municipal corporations ⬌950—Municipality held not liable on special assessment bonds, on theory of negligence of its officers (Comp. St. Idaho 1919, § 4151).**

Comp. St. Idaho 1919, § 4151, provides that the holder of a bond issued for a local improvement "shall have no claim therefor against the municipal corporation by which the same is issued in any event, except for the collection of the special assessment made for the work of improvement for which said bond was issued." *Held*, that a holder of such bonds cannot impose liability therefor on the general taxpayers of the municipality, on the ground of negligence of its officers.

**2. Municipal corporations ⬌406(1)—Municipality has no inherent power to levy assessments for local improvements.**

Municipal corporations possess no inherent power to levy assessments for local improvements, and their only authority to do so is to be found in legislative acts.

**3. Municipal corporations ⬌950—In making and collecting special assessments, officers do not act as representatives of corporation.**

In collecting money to pay for special improvements, where there is no liability of the corporation, its officers do not act as its representatives, but as special agents or instrumentalities to accomplish a public end.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action at law by Howard Moore against the City of Nampa. Judgment for defendant, and plaintiff brings error. Affirmed.

Under the provisions of chapter 171, Idaho Compiled Statutes of 1919, the city of Nampa, hereinafter named the defendant, organized a special improvement district for a sewer improvement, of which the engineer's estimate of cost was $118,300. Assessments for that amount levied against the benefited property were insufficient to pay said cost. Thereafter, in proceedings begun October 26, 1920, the defendant undertook to increase the assessments to meet the increased cost by passing an ordinance under section 4141 of said Compiled Statutes, which authorized reassessment "when for any cause, mistake, or inadvertence the amount assessed shall not be sufficient to pay the costs of sewerage improvements." On January 10, 1921, the defendant by ordinance approved the reassessment roll and directed the issuance, sale, and delivery of bonds therefor. The bonds so issued contained recitals that all the conditions, acts, and things required by the Constitution and laws of Idaho to constitute them valid obligations of the city had been done and performed in due form and time, that the total costs and expenses of said improvement had been duly levied and assessed on the property in the district and were liens thereon, and that due provision had been made for the collection of assessments for the payment of principal and interest on said bonds.

On March 8, 1921, the defendant issued a certificate that bonds in the sum of $43,000 were that day delivered to a named lawful purchaser at a price not less than par and accrued interest, that there was no pending or threatened litigation with respect to the creation of the district, the construction of the improvement, or the issuance of bonds therefor, and that there were no pending protests or objections against the improvements or bonds, and no appeals pending or threatened in the premises. In July, 1921, the plaintiff, relying on the recitals in the bonds and the truth of the representations made in said certificate, and the opinion of certain bond attorneys, purchased three of the bonds without notice of any defect or infirmity therein, or in any of the proceedings on which they were based. But the fact was that on February 5, 1921, and prior to the issuance of said certificate stating that no litigation was pending, one Lucas, a property owner in the improvement district, on behalf of himself and all others similarly situated, had commenced an action in one of the state courts against the city of Nampa and its officers to have the contract for the construction of the improvement declared illegal, and to enjoin the levy and collection of assessments against the property in excess of the original estimate.

Decree in his favor was entered August 2, 1922, and on appeal to the Supreme Court of Idaho the judgment was affirmed June 25, 1925. Lucas v. City of Nampa, 41 Idaho, 35, 238 P. 288. In the decision the Supreme Court referred to Compiled Statutes, § 4141, which provides for a reassessment in cases where special assessments have failed to be valid for any want of form or conformance with the provisions of law governing the same, and held that the reassessment attempted to be made in that case was not made for any reason assigned in the statute, and was not made in conformity therewith, but, on the contrary, the city authorities found that, after paying a 10 per cent. commission for the sale of the bonds, the employment of a city engineer upon a basis of 5 per cent. of the cost of the project, and in incurring other expenses, they greatly exceeded the cost as found in the estimate of the city engineer in the original ordinance of intention, and that there was no statute providing for the employment of an engineer other than the city engineer, and that the contract let in excess of the sum which the authorities were authorized to expend was to that extent illegal, and the court held that, the suit having been instituted by a taxpayer before the bonds were sold, his right of action could not be defeated by the sale and transfer of the bonds.

In his complaint the plaintiff alleged that the defendant was negligent in failing to have the preliminary estimate of cost prepared and filed in the manner and amount required by law, in awarding a contract in a sum in excess of the estimated cost, in causing a false and misleading certificate to be issued, in failing to levy valid assessments, and in failing to collect assessments for the payment of plaintiff's bonds or creating or providing a fund for the payment thereof, and in issuing bonds after the commencement of the Lucas suit. He alleged that he had paid $3,007.58 for the bonds, and he demanded judgment for that sum and interest, amounting in all to $3,735. A demurrer to the complaint was sustained, on the ground that it failed to state a cause

of action, and that the cause of action was barred by the statute of limitations.

,Karl Paine, of Boise, Idaho,· and Myles P. Tallmadge, of Denver, Colo. (Pershing, Nye, Tallmadge & Bosworth, of Denver, Colo., of counsel), for plaintiff in error.

Leon M. Fisk and D. L. Rhodes, both of Nampa, Idaho, for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges,.and KERRIGAN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The plaintiff contends that the defendant is liable in damages as for tort, and he asserts that his cause of action sounds in tort, and is based on the proposition that the defendant had the power so to conduct the proceedings that valid assessments would have resulted for the payment of the bonds, and that because of negligent acts and omissions of the defendant and its officers in exercising the granted powers the assessments failed, and the plaintiff was deprived of his statutory remedy against the property in the district. There is no allegation that the money which he paid upon his purchase of the bonds was in the possession of the defendant, or remained undisbursed, and no fact is. pleaded from which it might be deduced that the plaintiff was entitled to recover as for money had and received, as· was held in Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659, Louisiana v. Wood, 102 U. S. 294, 26 L. Ed. 153, Incorporated Town of Gilman v. Fernald (C. C. A.) 141 F. 941, Hoag v. Town of Greenwich, 133 N. Y. 152, 30 N. E. 842, and Dodge v. City of Memphis (C. C.) 51 F. 165, 167. But the plaintiff seeks to charge the defendant with liability solely on account of alleged acts of negligence of its officers, and thus impose upon the general taxpayers of the city responsibility for the payment of local improvement bonds and defeat the protective purpose of the statute, whereby by express terms the general taxpayer is relieved of all liability for the cost of the local improvement; there being no contention that the money received here was diverted to a corporate purpose, or was used in such manner as to create an obligation on the part of the defendant to repay it.

Section 4151 of the Idaho Compiled Statutes of 1919 provides that the holder of bonds issued for a local improvement, such as that which is here involved, "shall have no claim therefor against the municipal corporation by which the same is issued in any event, except for the collection of the special assessment made, for the work of improvement for which said bond was issued, but his remedy, in case of nonpayment, shall be confined to the enforcement of such assessment." The bonds which were issued to the plaintiff contained the recital of that provision of the law. It is to be borne in mind that the officers of the defendant, in making the improvement, were not performing corporate functions of the defendant. They were exercising a special power vested in them with reference to local improvements, in which the city as a whole was not concerned. In doing so they were successors to powers which prior to 1917 had been exercised through a "sewer construction committee," distinct from the city council, appointed for the purpose of authorizing and carrying out sewerage improvements. In all the transactions here involved they were but instrumentalities for originating, carrying out, and paying for the expense of local improvements, the cost of which was assessable against the property benefited thereby. In this fact is an insuperable obstacle to the right of the plaintiff to recover herein, for the officers of the city were not acting on its behalf, and they had no authority to bind it by any act or failure to act in the premises.

[2, 3] It is well settled that municipal corporations possess no inherent power to levy assessments for local improvements, and that their only authority to do so is to be found in legislative acts. 25 R. C. L. 88. And it is uniformly held that in collecting money to pay for special improvements, where there is no liability against the corporation, the corporation authorities do not act as its representatives, but as special agents or instrumentalities to accomplish a public end. Quill v. City of Indianapolis, 124 Ind. 292, 23 N. E. 788, 7, L. R. A. 681; Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264; City of Bainbridge v. Jester, 157 Ga. 505, 121 S. E. 798, 33 A. L. R. 1406; Town of Windfall City v. First Nat. Bank, 172 Ind. 679, 690, 87 N. E. 984, 89 N. E. 311; Beggs v. Kelly, 110 Okl. 274, 238 P. 466; Gagnon v. City of Butte, 75 ‘Mont. 279, 243 P. 1085; Broad v. City of Moscow, 15 Idaho, 606, 99 P. 101. In Town of Windfall City v. First Nat. Bank the plaintiff sought to fix liability upon the town upon the allegation that the assessments were invalid and not legally collectible, and that the town was not proceeding under the general powers vested in it for the improvement of its streets. In Town of

Capitol Heights v. Steiner the complaint alleged negligent failure of the officers of the town to make a sufficient assessment. In Broad v. City of Moscow the plaintiff claimed damages for the alleged failure of the city to deliver the bonds at the date of the completion of his contract. In Gagnon v. City of Butte it was alleged that the city had failed and neglected to collect the delinquent assessments or pay the bonds.

The case differs from Bates County, Mo., v. Wills (C. C. A.) 239 F. 785, relied upon by the plaintiff. In that case, while it was expressly stipulated that the contractor should be paid out of funds realized from special assessments against the property benefited, there was no statutory prohibition against a general levy to pay the contract price, and the court affirmed the power of the municipal corporation to make such general levy.

We find no error in the ruling of the trial court in sustaining the demurrer on the ground above indicated, and we find it unnecessary to consider the other ground of demurrer.

The judgment is affirmed.