## MOORE *v.* CITY OF NAMPA.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 384. Argued March 9, 1928.—Decided April 9, 1928.

Bonds issued by a city to complete a local improvement, which did not pledge the city's general credit but were expressly payable only out of certain special assessments on land of the improvement district and were therefore nonnegotiable, were bought by the plaintiff from a prior purchaser, in reliance on advice of his attorneys, on recitals in the bonds giving assurance of their validity and soundness and on a certificate issued by the mayor, clerk, and treasurer of the city, representing that no legislation was pending in respect of the creation of the improvement district, the construction of the improvement, or the issue of bonds,—which was false. In making the purchase, the attorneys had before them a transcript of the proceedings showing that the assessments were in excess of the original estimate of cost—a fact which rendered the assessments void under the state law, as was subsequently ad-

judged by the state courts in a suit by a land owner against the city, pending when the certificate was issued. The bonds were therefore worthless. *Held:*

1. That plaintiff had no cause of action against the city for negligence or misrepresentation. P. 542.

2. He was charged through the transcript when he bought the bonds with notice of the invalidating facts, and must be held to have known the law. P. 541.

3. His position was not strengthened by the fact that the city's officials also misunderstood the law, nor by the recitals reflecting their opinion as to the legal effect of the bonds. *Id.*

4. Actionable negligence cannot be predicated on the failure of the city's officers properly to exert their powers and perform their duties in respect of the estimate, assessment and contract for construction of the improvement. Such failure was not a breach of any duty owed by the city to plaintiff. *Id.*

5. The certificate was issued without legal authority by officers not empowered to define the improvement district, make the assessment, issue or sell the bonds or bind the city to pay for such improvements, nor authorized to make any statement or give any assurance in respect of such matters. *Id.*

18 F. (2d) 860, affirmed.

CERTIORARI, 275 U. S. 515, to a judgment of the Circuit Court of Appeals, which affirmed the District Court in dismissing an action against the city for negligence and false representations.

*Mr. Myles P. Tallmadge,* with whom *Messrs. George L. Nye* and *James H. Pershing* were on the brief, for petitioner.

The decision of the Circuit Court of Appeals is in conflict with decisions of this Court and decisions in other Circuits. *Hitchcock* v. *Galveston,* 96 U. S. 341; *State Board* v. *Citizens Street Ry. Co.,* 47 Ind. 407; *Peake* v. *New Orleans,* 139 U. S. 342; *District of Columbia* v. *Lyon,* 161 U. S. 200; *Barber Asphalt Paving Co.* v. *Harrisburg,* 64 Fed. 283; *Barber Asphalt Paving Co.* v. *Denver,* 72 Fed. 336; *Denny* v. *Spokane,* 79 Fed. 719; *McEwan* v. *Spokane,* 16 Wash. 212; *German American Savings Bank*

v. *Spokane,* 17 Wash. 315; *Mankato* v. *Barber Asphalt Co.,* 142 Fed. 329; *Bates County* v. *Wills,* 239 Fed. 785; *Oklahoma* v. *Orthwein,* 258 Fed. 190; *Gray* v. *Joliet,* 287 Ill. 280.

The Idaho statutes and decisions do not prevent the relief sought. Respondent's officers were performing corporate functions in connection with the improvements specified herein, and respondent is liable for their acts and omissions. *Oklahoma City* v. *Orthwein, supra;* Dillon, Municipal Corporations, § 827, p. 1255; *Malette* v. *Spokane,* 77 Wash. 205; *New Orleans* v. *Warner,* 175 U. S. 120; *Salt Lake City* v. *Hollister,* 118 U. S. 256.

Petitioner has no other remedy.

*Messrs. D. L. Rhodes* and *Leon M. Fisk* were on the brief for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner sued in the United States court for the district of Idaho to recover damages alleged to have been sustained by reason of respondent's negligence and false representations in respect of certain local improvement bonds. Respondent demurred to the complaint; the district court held that it failed to state a cause of action and dismissed the case. The Circuit Court of Appeals affirmed. 18 F. (2d) 860. The petition to this Court for a writ of certiorari stated that the decision below conflicts with the decisions of this Court and of the Circuit Courts of Appeals for the Third and Eighth Circuits.* The writ was granted. 275 U. S. 515.

---

* *Peake* v. *New Orleans,* 139 U. S. 342. *District of Columbia* v. *Lyon,* 161 U. S. 200. *Barber Asphalt Paving Co.* v. *City of Harrisburg,* 64 Fed. 283. *Barber Asphalt Paving Co.* v. *City of Denver,* 72 Fed. 336. *City of Mankato* v. *Barber Asphalt Paving Co.,* 142 Fed. 329. *Bates County, Mo.,* v. *Wills,* 239 Fed. 785. *Oklahoma City* v. *Orthwein,* 258 Fed. 190

Respondent created a district for the construction of a sewer to be paid for by assessments against the lands therein according to resulting benefits. The statutes require the city engineer to make estimates of the cost of such improvements; provide that no contract shall be made for any work for a price in excess of the estimate, and direct the city council to pass an ordinance defining the boundaries of the district, describing the work and showing the estimated cost. Idaho C. S. 1919, §§ 3879 and 4129. The engineer's estimate was $118,300. Assessments were made for that amount; and, pursuant to ordinance adopted December 6, 1920, bonds for $117,000 were issued. The validity of these is not questioned. It was found that the estimate was too low, and an ordinance was passed stating that the assessments first made were not sufficient to pay the cost and expenses of the work. Additional assessments amounting to $49,500 were made; and, pursuant to ordinance of January 10, 1921, respondent executed and, on March 8, 1921, delivered to a purchaser additional bonds for $43,000. On that day the mayor, clerk and treasurer of respondent issued a certificate under its seal stating that no litigation was pending or threatened in respect of the creation of the district, the construction of the sewer or the issue of the bonds.

A transcript of the proceedings and that certificate were submitted to the attorneys, who are acting for petitioner in this case, for examination as to the validity of the bonds. And they, it is alleged, relying upon the recitals in the bonds and the statements in the certificate, gave a written opinion that the bonds were valid. The complaint alleges that on July 13, 1921, petitioner, relying upon such recitals, certificate and opinion, purchased three of these bonds. And petitioner says that the statement in the certificate was material because no suit to enjoin the making of special assessments or to set them aside may be brought after the expiration of thirty days from

the making of the assessment. § 4137, C. S. 1919. The certificate was false. One Lucas, an owner of property in the district, had brought suit against the city and its officers to have the assessments in excess of the engineer's estimate declared illegal and to enjoin their collection. The trial court granted the relief sought; the Supreme Court held that the city was limited and bound by the original estimate and affirmed the judgment. 41 Idaho 35. Petitioner avers that under this decision his bonds are worthless.

He insists that respondent was negligent in failing to have a proper estimate and valid assessments made and in causing the false certificate to be issued, and that the damages claimed were caused by the negligence and misrepresentation. The suit is for tort. The demurrer was rightly sustained, unless the complaint shows that a breach by respondent of some duty it owed petitioner caused the damage claimed.

Each bond states that respondent acknowledges itself to be indebted and promises to pay bearer the sum stated; it contains recitals to the effect that all the things by law required in respect of the creation of the district, the construction of the sewer and the issue of the bond in order to make it a valid obligation of the city have been done. It states that the total cost of the work has been assessed and that the assessments are liens upon the land; that provision has been made for, and the city guarantees, the collection of assessments sufficient to pay accruing interest and principal at maturity. But, as required by statute, each bond declares that the holder shall have no claim against the city except for the collection of the assessments; that his remedy in case of non-payment shall be confined to their enforcement, and that the interest and principal shall be payable out of that fund and not otherwise. The bonds are not negotiable. *United States Mortgage Co.* v. *Sperry,* 138 U. S. 313, 343. It is clear

that respondent's faith or credit is not pledged and that the value of the bond depends upon the validity and worth of the assessments. The transcript furnished the examining attorneys showed that the engineer's estimate was too low and that the bonds in question were based on assessments in excess of that amount. Petitioner treats the transcript and false certificate as if furnished to him. He is charged, as of the time he bought the bonds, with notice of the invalidating facts and is held to have known the law. His position is not strengthened by the fact that respondent's officers, as well as the examining attorneys, were mistaken as to the validity of the additional assessments and subsequent proceedings. Recitals that merely reflect opinion as to the legal effect of the bonds or of the statements therein are not actionable and furnish no support for petitioner's claim.

The bonds were void, as held in the *Lucas* case, because issued upon assessments made in excess of the engineer's estimate. On the facts disclosed by the complaint, actionable negligence cannot be predicated on the failure of respondent's officers properly to exert their powers and perform their duties in respect of the estimate, assessment and contract for construction of the sewer. Such failure was not a breach of duty owed by respondent to petitioner. He had no relation to the matter until long after the bonds had been issued and sold to another. The facts showing their invalidity were disclosed by the transcript and known to the attorneys on whom he relied long before he purchased them. The complaint is not grounded on anything subsequently occurring.

It remains to be considered whether petitioner may recover by reason of the certificate issued March 8, 1921, falsely stating that there was no suit in respect of the creation of the district, the construction of the sewer or the issue of the bonds. No law required or authorized the making of any certificate. The statutes do not contem-

plate any such statement. It is not a part of or material to the prescribed proceedings. The city council is the governing body of the city, but it did not make or authorize the statement. The officers who signed the certificate were not authorized to define the improvement district, make the assessment, issue or sell the bonds or to bind the respondent to pay for such improvements. It cannot reasonably be said that they are impliedly authorized to make any statement or give assurance in respect of such matters.

This action is not based on contract. Recovery is not claimed on the ground that respondent was empowered to pay for the work out of funds belonging to it or upon any promise that it would do so. As no actionable negligence or misrepresentation is shown, the lower courts rightly held that no cause of action is stated in the complaint. We find no conflict between the decision of the Circuit Court of Appeals in this case and the decisions referred to in the petition for this writ.

*Judgment affirmed.*