## STATE ex rel. SOUTHERN SURETY CO. v. ARMSTRONG, County Clerk, et al.

No. 22410. Opinion Filed May 10, 1932.

Rehearing Denied July 27, 1932.

Allen, Underwood & Canterbury, for plaintiff in error.

J. W. Irwin, Co. Atty., C. M. Gordon, Deputy Co. Atty., and L. L. Cowley, for defendant in error.

McNEILL, J. This is an appeal from the judgment of the district court of Okmulgee county denying the application of the plaintiff, state of Oklahoma ex rel. Southern Surety Company, a corporation, for writ of mandamus to the county excise board of said county.

A short statement of the facts follows:

The Southern Surety Company was the owner and holder of certain city improvement bonds issued by the city of Beggs, dated November 24, 1921, due in 1931, and bearing interest at six per cent. per annum. On June 16, 1925, in the case of City of Beggs v. Kelly, 110 Okla. 274, 238 P. 466, this court held that the assessment was valid, that improvement bonds issued under sections 4610, 4611, 4612, and 4627, C. O. S. 1921, shall in no event become a liability of the municipality, and that, in such a case, the city is merely the collection agent for such bondholders. On October 17, 1927, plaintiff filed a mandamus action against the city clerk of the city of Beggs, commanding her to certify all delinquent installments due under said improvement project to the county treasurer of Okmulgee county. On the same date an alternative writ of mandamus was issued, which was continued from time to time and dismissed without prejudice on the 18th day of September, 1928. On June 27, 1928, plaintiff filed in the district court of said county an action in tort against the city of Beggs, cause No. 15901, charging the city clerk of said city and its officials with negligence in failing to certify the aforesaid delinquent assessments to the county treasurer. On September 18, 1928, the date of the aforesaid dismissal, plaintiff recovered judgment against the city in the sum of $19,075, and interest in the sum of $5,075, representing said bond issue and interest thereon at six per cent. per annum from the 1st day of September, 1922. Thereafter, on November 6, 1930, plaintiff filed a petition for a writ of mandamus in said district court against

the excise board of said county, setting forth that said judgment obtained on the 18th day of September, 1928, was in full force and effect, and had not been satisfied or released; that no appeal was perfected therefrom, and by virtue thereof said city was liable to plaintiff in the amount of said judgment. The city of Beggs certified the item represented by said judgment to said excise board, and, on the 28th of October, 1930, the excise board omitted the same from the appropriation for the sinking fund of said city for said fiscal year. The trial court denied the writ of mandamus, and plaintiff has appealed to this court.

It is urged by the plaintiff that the aforesaid judgment obtained on September 18, 1928, against the city of Beggs, not having been appealed from, became final and conclusive, and that it was the duty of the county excise board to approve the item of said judgment and to make appropriate levy thereon for the payment of said judgment according to law.

On the part of the defendant, it is urged that said judgment shows upon its face that it is void, as shown by the judgment roll in the original action; that the court in the rendition of same was without authority of jurisdiction; that the city of Beggs is not liable for the payment of said judgment; that any levy made by the excise board of Okmulgee county would be null and void; that the purported judgment is in violation of section 7, art. 10, of the Constitution of the state of Oklahoma, in that the authority of the city is to levy assessments against property benefited, and not against the entire city; also, that it violates section 17, art. 10, of the Constitution in that the city of Beggs is not authorized to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association or individual; that said judgment is an attempt to cause to be levied an ad valorem tax against the taxable property situated within the city of Beggs, Okla., and outside of said street improvement district, which property, outside of said district, is not and was not benefited by said street improvement. In short, the defendant contends that the judgment was invalid and void and should not be a liability against the city of Beggs, and that the county excise board had a right to refuse to make the levy requiring the city to pay one-third of the principal and interest for each year on the judgment of said Southern Surety Company.

Other contentions are urged, but we direct our attention to the question of whether or not the judgment is void, from an inspection of the judgment roll. The issuance of the bonds for the street improvement district was valid. City of Beggs v. Kelly, 110 Okla. 274, 238 P. 466.

Section 4610, C. O. S. 1921, provides for the issuance of the bonds in the aggregate amount of the assessments remaining unpaid, with interest and costs, which bonds shall in no event become a liability of the city issuing the same. We view the judgment rendered on September 18, 1928, in part, in the light of this mandatory legislative enactment. If the judgment rendered against the city, on September 18, 1928, is valid, then the plaintiff is permitted to do indirectly that which is positively prohibited by said section 4610. An examination of said petition, in case No. 15901, shows that said petition does not state a cause of action against the city of Beggs. It affirmatively shows that the court under the facts alleged therein was unauthorized to render said judgment, which was in excess of its jurisdiction. Said petition recites that said bonds are payable solely according to their face from the funds created by the collection of assets, which were on the 9th day of November, 1921, duly levied by the city of Beggs, Okla., under assessing ordinance No. 217, on certain property located within the city of Beggs; that it was the duty of the city clerk of Beggs on the 15th day of September, of each year beginning with the year 1922, to certify to the county treasurer of Okmulgee county a record of the delinquent installments due on said assessments for the purpose of having same placed upon the tax rolls of the county; that the officials of the defendant city of Beggs, and particularly the city clerk, failed, neglected, and refused to certify said delinquent assessments to the county treasurer of said county; that the officials of said defendant city, in direct and open violation of the duties imposed and enjoined upon them by law, have absolutely refused to discharge their official duties; that by reason thereof the integrity and value of the bonds held by plaintiff have been largely or completely destroyed and impaired; and prays judgment on account thereof against said city for the principal and interest represented by said bond issue.

It was never the duty of the city to pay these assessments. It was the statutory duty of the city clerk as the agent of said bondholder to certify the delinquent assessments to the county treasurer, whose duty it was to sell the property as provided by law by reason of such delinquency. This liability for the payment of the bonds was a liability in rem and not in personam. The governing body of said city was not

authorized to create by general indebtedness payment of this bond issue. The mere failure or nonfeasance of an officer of the city or county, could not offset the positive inhibition of section 4610, supra. The holder of the bonds had a right to proceed for the enforcement of the assessments by mandamus to require the performance of this statutory duty imposed by law on said officers, and failure of the city clerk could not bind in this manner the liability of said city of Beggs. If the city clerk of the city of Beggs failed to make such certification to the county treasurer, such city clerk failed to do the duty required by law. In this case the mayor and the city council of Beggs constituted the governing body of said city and there is nothing in the record to indicate that this governmental agency ever authorized or directed the city clerk not to perform the statutory duty required of said clerk in reference to the street improvement bond project, and it cannot be urged that the city clerk was ever impliedly authorized to fail in this statutory duty. The petition does not charge that the city of Beggs failed, neglected, and refused to perform any duty it owed to the plaintiff. The credit of the city was not pledged for the payment of this bonded indebtedness. A review of this judgment roll shows that no actionable negligence was stated in the petition. Moore v. City of Nampa, 276 U. S. 536, 48 Sup. Ct. Rep. 340. The judgment based thereon was wholly unauthorized under the law. The same was in violation of a positive statute. (Section 4610, C. O. S. 1921.) It was outside the issues. The court had no power or jurisdiction to render the particular judgment which it did. Said judgment is null and void. See Watkins Land-Mortgage Co. v. Mullen, 8 Kan. App. 705, 54 P. 921; Brecht v. Hammonds (Ariz.) 278 P. 381; Excise Board of Carter County v. C., R. I. & P. Ry. Co., 152 Okla. 120, 3 P. (2d) 1037; Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981; State ex rel. v. Dist. Court (Wyo.) 238 P. 545; Black on Judgments, 242; In re Wooley's Estate (Vt.) 117 Atl. 370; Gray v. Clements (Mo.) 227 S. W. 111.

A judgment granting relief which the law declares shall not be granted is void. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803. In that case the Supreme Court of Minnesota said:

"It is laid down in Black on Judgments, 242, as a general principle, that in addition to jurisdiction of the parties and subject-matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which the judgment assumes to decide, or the particular remedy or relief which it

assumes to grant. Support of this doctrine is found in numerous well-considered cases."

The judgment of September 18, 1928, is clearly outside of the issues when it attempts to have the city reimburse itself from the collection of delinquent assessments. There is no statutory provision in this state whereby the city may pay this bonded indebtedness and then reimburse itself by collecting the delinquent assessments against the property in the improvement district.

In the case of Broad v. City of Moscow, 15 Idaho, 606, 99 P. 101, the court said:

"If the plaintiff could maintain this action for damages, because the officers of the defendant failed to do their duty, then an indebtedness might be created against the city, which the statute says must be raised by special assessments, only, against the property benefited. In other words, if this suit can be maintained, then the plaintiff has done indirectly what the statute says cannot be done directly, and the mere fact that the officers have failed to do their duty and the plaintiff has taken no steps to compel them to do that which they have agreed to do, and which they are authorized to do under the statute, will not give him the further remedy of subjecting the city to damages by reason of the fact that they have not performed their duty. As said by Judge Seaman in Pontiac v. Talbot, supra; 'We are clearly of opinion that no general doctrine of municipal liability for mere nonfeasance in the failure or neglect of council or officers to perform a duty of the municipality can be extended to override per se the inhibitions expressed in this statute, and that the contractor must proceed by mandamus to enforce his claim.'

"From the various provisions in this statute it would seem that the Legislature intended to make the city the mere instrumentality for the collection and disbursement of the funds arising from the special assessments. Throughout the statute it clearly indicates that it was intended to create an indebtedness against the property alone, and to limit all liens and claims to the property benefited by such improvement. The city or village is made the agent of the district to collect and apply the funds assessed to the discharge of the expense incurred in making such improvement. The obligation is an obligation of the property, not an obligation of the city or municipality. The contractor and bondholder is limited to the property for the purpose of realizing the amount due to such contractor and bondholder. The duties of the city in relation to the improvement and the fund to be collected from the property, and the duty of the officers of such city, clearly appear from the various provisions of the act, and if the city or the officers of the city, whose duty it is to act, neglect or fail to perform the duties imposed by this law, then the

remedy of the contractor or bondholder is against such officers for the purpose of compelling them to act, but the indebtedness cannot be taken away from the property benefited and fixed against the property generally of the city."

See, also, Gagnon v. City of Butte (Mont.) 243 P. 1085.

Reference has been made to the case of Oklahoma City v. Orthwein, 258 Fed. 190. We are of the opinion that the same is in conflict with the case of Moore v. City of Nampa, supra, and we prefer to follow the opinion of the United States Supreme Court in the Moore Case, supra. The conflict of views in the Orthwein and Moore Cases, supra, was specifically called to the attention of the Supreme Court before the delivery of the opinion by that court in said case of Moore v. City of Nampa. In the Moore v. City of Nampa Case, Judge Gilbert, in his opinion for the Circuit Court of Appeals, Ninth Circuit, 18 Fed. (2d) 860, which was appealed to the United States Supreme Court, as above indicated, said:

"But the plaintiff seeks to charge the defendant with liability solely on account of alleged acts of negligence of its officers, and thus impose upon the general taxpayers of the city responsibility for the payment of local improvement bonds and defeat the protective purpose of the statute, whereby by express terms the general taxpayer is relieved of all liability for the cost of the local improvement; there being no contention that the money received here was diverted to a corporate purpose, or was used in such manner as to create an obligation on the part of the defendant to repay it."

The Supreme Court of the United States affirmed the action of the Circuit Court of Appeals in that case.

As we view this record, it is an attempt to charge the city of Beggs with liability on account of the neglect or failure on the part of the city clerk of said city, and thereby impose upon the city of Beggs and its general taxpayers the payment of local improvement and make ineffectual the statutory inhibition which provides that in no event shall the city issuing the bonds for said city improvement be liable.

The taxpayers outside of the improvement district had a right to assume that the governing body of the city would not create a liability against them for the benefit which was derived by the property in the improvement district. The value of the bonds was not based upon the credits and resources of the city of Beggs, but depended upon their value solely by reason of the assessments which were levied against the property benefited in the district covered by the improvement project.

Clearly the relief of the plaintiff in such a case was to compel the performance of the statutory duty of said clerk who was acting merely as an agent for the collection or disbursement of the funds collected, and said city should not be liable for damages for the indebtedness arising out of such improvement projects where the officers fail to perform their duty.

Other questions are raised and argued in the brief, but we consider it unnecessary to discuss the same. We conclude that the judgment of September 18, 1928, is void and there was no duty imposed upon the county excise board to make a levy of one-third of this judgment and interest thereon as contended by plaintiff. To permit the same would be to require the city to pay this entire bonded indebtedness and interest thereon within the period of three years, which was never contemplated by any of the parties in the improvement project.

Judgment affirmed, denying the writ of mandamus.

RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.