### SMITH et al. v. BOISE CITY et al.
### No. 1956.
District Court, D. Idaho, S. D.
Feb. 27, 1937.

Richards & Haga, of Boise, Idaho, for plaintiffs.

Thornton D. Wyman, Z. Reed Millar, and Maurice H. Greene, all of Boise, Idaho, for defendants.

CAVANAH, District Judge.

The plaintiffs, who are nonresidents of Idaho, bring this action to recover from Boise City and its treasurer the sum of $17,000 claimed to be due them on certain unpaid special improvement bonds issued by the city. The defendants move to strike and dismiss the complaint, and the questions now for consideration are urged on the motions which require an analysis of the complaint. The pertinent facts appearing in the complaint are: That Boise City is a municipal corporation existing under the laws of Idaho, and Rodgers is its treasurer. In April, 1920, the city established sidewalk and curb improvement district No. 38, and thereafter caused to be issued improvement bonds of the district in the sum of $55,539.10; that the plaintiffs without knowledge of the alleged negligent acts acquired and owned $17,000 of the bond issue which the city treasurer has declined to make payment of for the reason that there is only $2,817.57 available in the special fund. It is then alleged that over $21,000 of the funds belonging to the district, collected for the purpose of paying the bonds, have been wrongfully diverted, dissipated, and lost by the city through its and its officers' negligence and carelessness; and that such negligence and carelessness consists in permitting its former clerk to divert and appropriate to her own use $92,000 of the funds of the city which included the money collected for the payment of plaintiff's bonds, and that such misappropriation extended over a period of ten years. The further charge is made that the city failed and neglected to faithfully discharge its duty as statutory trustee for the bondholders of the district in conserving the trust funds from the property owners in the district and in failing to exercise and use ordinary care and prudence in appointing and keeping in office an unfaithful and untrustworthy city clerk, and should have known that such bonds were being diverted and misappropriated; that the city used a system of accounting that was wholly inadequate for the proper protection of the funds in permitting its records to be kept in an inadequate manner by negligent and incompetent employees who were untrustworthy and incompetent to be intrusted with the care of the trust funds and in keeping inadequate and false records of the funds belonging to the district; that many of the assessments levied for the payment of bonds and collections made thereunder from the land owners were credited or placed in other funds; that it wrongfully waived penalties and interest on delinquent payments of the assessments and wrongfully canceled or rebated to property owners; that it and its officers being charged with the duty of levying assessments for the payment of the bonds failed

and neglected to make the assessment and failed to collect from the county the sum belonging to the trust fund, under assessments levied, which were collected by the county and should have been paid to the city and placed in the trust fund, and because of such negligence and wrongful acts in the performance of its duty as statutory trustee, the assessment levied for the payment of the bonds was certified to the county and large amounts payable under the assessment could not be collected under the lien of the assessment preserved and the collection of delinquent taxes enforced. That the city without knowledge or consent of the plaintiff compromised a claim against the sureties on the bond of the said clerk who had misappropriated funds belonging to the district, and that it did not transfer any part of the money so collected into the trust fund. An accounting is requested, as it is charged that on account of the condition of the trust fund it cannot be ascertained what the true and correct acts of the city were, and that it be decreed that the amount collected, of $14,500 from the sureties on the bond of the city clerk, be transferred to the trust fund, and if such trust fund be insufficient to pay the amounts due plaintiffs, that they have judgment against the city for any delinquency.

Upon these facts the court is called upon to conclude whether the city, after having received, through its officers, money from the property owners in the district, is liable to the unpaid bondholders. The special bonds were issued under section 49-2701 et seq., of Idaho Codes, and among which appears section 49-2728, providing: "The holder of any bond issued under the authority of this chapter shall have no claim therefor against the municipality by which the same is issued, in any event, except for the collection of the special assessment made for the improvement for which said bond was issued, but his remedy, in case of nonpayment, shall be confined to the enforcement of such assessments. A copy of this section shall be plainly written, printed or engraved on the face of each bond so issued." The bonds contain the provision: "In conformity with section 4026 Idaho Compiled Statutes 1919, it is hereby recited that 'The holder of any bond issued under the authority of this article shall have no claim therefor against the municipality by which the same is issued, in any event, except for the collection of the special assessment made for

the improvement for which said bond was issued, but his remedy in case of nonpayment, shall be confined to the enforcement of such assessments. A copy of this section shall be plainly written, printed or engraved on the face of each bond so issued." The plaintiffs urge that under the statute and the provisions of the bonds the obligation and duty were imposed upon the city of levying and collecting the special assessment against the abutting property in the district for the payment of the bonds, and interest as the same mature, and when so the city became the statutory trustee under the bond issue with a duty to faithfully account for all funds collected and apply the same to the payment of the bonds and interest thereon. While, on the other hand, the city asserts that the bondholders can look only to the special funds provided by the assessment for the principal and interest of the bonds, and it bases its contention on the statute of the state relating to the authority of the city to issue special improvement bonds and the procedure providing for the assessment, collection, and liability for the payment of the same. These statutes provide that when the improvement bonds are issued the city shall provide by ordinance special assessments to be levied and collected against the abutting and contiguous property in the district for the payment of the bonds, and that the bonds are payable out of the local improvement fund created. Should the bonds be not paid when they become due, which the assessments for their payment are a lien on the property in the district, the bondholders are authorized to sue for and collect the same through the method provided by law for the collection of assessment for local improvements. If the city shall fail to levy the assessment or neglect or refuse to pay the bonds or to promptly collect any of the assessments when due, the bondholders may proceed in his own name and require the city to levy the assessments, and when that has been done they may proceed to collect and foreclose the lien thereon and recover the amount of the bonds. The relevant statute upon which the city asserts nonliability is section 49-2728, supra. It is contended by the city that under this section of the statute the bondholders have no claim against it except for the collection of the special assessment and their remedy in case of nonpayment shall be confined to the enforcement of such assessment.

■■ It is clear by the provisions of this statute that the bondholders have two remedies for the collection of their principal and interest: First, in case the city shall neglect to levy the assessment and pursue the usual and ordinary methods provided by the statute for the collection of the same, the holders of the bonds may compel it to do so by mandate, and if it fails and neglects to collect the assessments after levy having been made and the property owners become delinquent in the payment of their installments, the bondholders may foreclose their lien through the court; and, second, the city may be sued and is liable for the amount of the assessment made for the improvement for which bonds were issued after it had by its officers collected the same, for the statute seems clear that the city is liable "for collection of the special assessments made." The facts alleged do not bring the case under the first remedy, for complaint is not made of failure of the city to act in levying the assessment and thereafter collecting the same, but it is brought under the second remedy to conserve and apply the assessment already collected by the city through its officer to the payment of the bonds as it alleges that the assessments were made and collected by the officer of the city and by her misappropriated. These assessments are private property and belong to the owners of the bonds and, not to the city, that being the case the city becomes the statutory trustee under the bond issue with the duty to account for the assessment after it, by its officers, had collected the same, as the statute empowered it to collect the assessment and when that is done its duty as imposed upon it by the statute was to apply them to the special fund to be used in the payment of the bonds and on its failure to do so the bondholders are entitled to the interposition of a court of equity to reach the fund and an accounting had. New Orleans v. Fisher, 180 U.S. 185, 21 S.Ct. 347, 45 L. Ed. 485; Jewell v. City of Superior (C.C. A.) 135 F. 19; Hayden et al. v. Douglas County (C.C.A.) 170 F. 24.

■■ The city having by its officers received the assessments which belonged to the bondholders, the plaintiffs would be entitled to recover as for money had and received. Hitchcock v. Galveston, 96 U.S. 341, 24 L.Ed. 659. If it by its officers whom it has directed and authorized to collect and have possession of the special fund voluntarily assume the obligation under the statute with respect to the fund fail to see that the amounts collected were applied to the purposes of paying the bonds, it cannot escape liability, as it acts both as trustee and in its proprietary capacity. Strickfaden et al. v. Greencreek Highway District et al., 42 Idaho, 738, 248 P. 456, 49 A.L.R. 1057.

In the case of the City of Seattle v. Stirrat, 55 Wash. 560, 104 P. 834, 24 L. R.A.(N.S.) 1275, the Supreme Court of the State of Washington held that the city may be liable for the embezzlement of funds by its officers.

■ The city usually acts through some agency and a duty performed is no less that of the city because performed through an agent being the city clerk, for, as said by the Supreme Court in Barnes v. District of Columbia, 91 U.S. 540, 545, 23 L. Ed. 440: "A municipal corporation may act through its mayor, through its common council, or its legislative department by whatever name called, its superintendent of streets, commissioner of highways, or board of public works, provided the act is within the province committed to its charge." The proceeds of the special assessment being trust funds for the payment of the bonds issued for the cost of the improvement, it becomes the city's duty although acting through some agency to see that such proceeds are retained and applied in the payment of the bonds.

Reliance is had by the city on the case of Moore v. City of Nampa (C.C.A.) 18 F.(2d) 860, 862. It is obvious that case is distinguishable from the present one, as the cause of action there alleged was one for tort and related to negligent acts of the city occurring prior to any collection of the assessment, and the court; after reciting the negligent acts claimed, said: "The complaint is not grounded on anything subsequently occurring" (276 U.S. 536, 48 S.Ct. 340, 341, 72 L.Ed. 688), and that "no fact is pleaded from which it might be deduced that the plaintiff was entitled to recover as for money had and received." The case was also distinguished by the Eighth Circuit Court of Appeals in City of McLaughlin v. Turgeon, 75 F.(2d) 402, 408, where it is said: "It is important to bear in mind that the Moore suit was for tort; that the purchaser of the bonds was chargeable with knowledge, not only of the law, but of what appeared in the public records, and that the city was not bound by the false

certificates made by certain officers without any authority or warrant in law therefor."

Confusion is likely to result from the citations presented by the defendant as to it not being liable under the statute for failure to pursue the usual and ordinary methods provided by the statute for the collection of assessment as they do not apply to the facts alleged in the complaint in the present case and the city's liability after it has collected the assessments for they are based upon facts of the city's failure or neglect to proceed in taking the necessary steps prescribed by the statute prior to the collection of the assessments and when in exercising powers of a governmental nature and not in the exercise of powers proprietary in nature and as trustee under a statute such as Section 49-2728, supra, where the city is made liable for the assessments collected by it whether embezzled by one of its officers or diverted to another fund. The right to have the moneys collected by the city applied to the payment of the bonds under the statute is the primary one. We must not forget that we are considering a statutory liability imposed upon the city in the collection of the special fund, and when it has collected the assessment by one of its officers who it has authorized and directed to receive the assessments from the property owners, it becomes accountable to those whom it has sold bonds to be payable out of the special fund. Under such circumstances the city is acting in a proprietary capacity as the assessments are private property and is not exercising a Governmental duty. Of the former it is liable.

It results that the motions to strike and dismiss are overruled and the defendants are given thirty days to answer.