(Nos. 5072, 5073. March 21, 1929.)

E. B. HUGHES, Respondent, v. VILLAGE OF WENDELL, a Municipal Corporation, et al., Appellants.

BOISE PAYETTE LUMBER COMPANY, a Corporation, Respondent, v. VILLAGE OF WENDELL, a Municipal Corporation, et al., Appellants.

[275 Pac. 1116.]

Bissell & Bird, for Appellants.

Bothwell & Chapman, for Respondents.

GIVENS, J.—Respondents are the holders of warrants issued by appellants in payment of the construction of certain special assessment improvements consisting of sidewalks, curbs, etc., which warrants have not been paid because of the insufficiency of the special assessment fund. Bonds were not issued as provided in C. S., secs. 4014–4028, but warrants were under the provisions of C. S., secs. 3999–4013.

A majority of the lot owners have paid their assessment in full. Some have not paid anything. The lots owned by such delinquents are not of sufficient value, if sold under foreclosure of the lien of the warrants, to bring enough to take care of the deficit and appellants have sued the, city claiming it is thereby directly liable.

If the obligation was in the first instance the city's it resulted in an excessive debt in violation of sec. 3 of

art. 8 of the constitution. Respondents avoid this result by urging that the city was in the first instance not liable (*McGilvery v. City of Lewiston,* 13 Ida. 338, 90 Pac. 348; *Byrns v. Moscow,* 21 Ida. 398, 121 Pac. 1034), but became so because of its negligence; hence the present liability sounds rather in tort than a direct action on the warrants. (*City of Mankato v. Barber Asphalt Paving Co.,* 142 Fed. 329; *Little v. City of Portland,* 26 Or. 235, 37 Pac. 911; *Morris v. City of Sheridan,* 86 Or. 224, 167 Pac. 593.) The negligence complained of is evidently that the properties, liable for the assessment, were not in all instances valuable enough to meet the proportionate share of liability. No neglect in making the estimate or contracts, or in levying or collecting the assessments is charged or proven.

Respondents cite, among others, the following authorities in support of their contention: *District of Columbia v. Lyon,* 161 U. S. 200, 16 Sup. Ct. 450, 40 L. ed. 670; *City of Mankato v. Barber Asphalt Paving Co., supra; Barber Asphalt Co. v. Denver,* 72 Fed. 336, 19 C. C. A. 139; *Barber Asphalt Co. v. Harrisburg,* 64 Fed. 283; *Chicago v. People,* 56 Ill. 327; *Fort Dodge Elec. L. & P. Co. v. Fort Dodge,* 115 Iowa, 568, 89 N. W. 7; *Reilly v. Albany,* 112 N. Y. 30, 19 N. E. 508; *Commercial Nat. Bank v. City of Portland,* 24 Or. 188, 41 Am. St. 854, 33 Pac. 532.

All of the above cases are readily distinguishable from the case at bar, the same point being substantially raised in all, because in the above cases there was either no law permitting the special assessments or the city did not comply with the law or neglected some specific duty. See, also, *Bucroft v. City of Council Bluffs,* 63 Iowa, 646, 19 N. W. 807.

This court has specifically and repeatedly held that where a special assessment district is created and bonds issued, the same are not general obligations of the municipality. (*Byrns v. Moscow, supra; Feil v. Coeur d'Alene,* 23 Ida. 32, 129 Pac. 643, 43 L. R. A., N. S., 1095; *Boise Development Co. v. City of Boise,* 26 Ida. 347, 143 Pac. 531; see, also, *Moore v. City of Nampa,* 18 Fed. (2d) 860, 276 U. S. 536, 48

Sup. Ct. 340, 72 L. ed. 688.) The statutory provisions as to the extent of the lien and obligations of warrants and of bonds are substantially the same; hence the conclusion upon a parity of reasoning is inevitable that special assessment warrants are not general obligations of the municipality, and no negligence of the municipality having been plead or proven, it has not become liable thereby.

The judgment is reversed and remanded, with instructions to enter judgment for appellants. Costs awarded to appellants.

Budge, C. J., Wm. E. Lee, J., and Baker and Adair, D. JJ., concur.