(No. 5640.   May 27, 1931.)

E. B. HUGHES, Respondent, v. GEORGE H. NICHOLS and ED WARNER, Appellants.

[300 Pac. 361.]

Bissell & Bird, for Appellants.

A. F. James, for Respondent.

BABCOCK, District Judge.—This action was brought by respondent, Hughes, against appellants, Nichols and Warner, as indorsers, to recover the amount paid by him to them for certain warrants issued by the village of Wendell.

In September, 1920, the village of Wendell created Local Improvement District No. 2, and entered into a contract with appellants for the construction of sidewalks and curb-

ings in said district, and the warrants in question were given to them in part payment for their work. The warrants were dated September 10, 1921, signed by the proper village officials and directed the village treasurer to pay appellants the several amounts specified therein "from the St. Imp. Dist. No. 2 Fund."

Respondent alleged that the funds collected by reason of assessments levied against property in said improvement district had all been paid out upon warrants prior in time to the warrants in question. The complaint showed that no further funds can be realized by reason of the special assessments, and that the city used due diligence in respect to the making and collection of the assessments and application of the money.

Appellants filed general and special demurrers, all of which were overruled by the trial court. Upon their refusal to plead further, default judgment was entered against them, from which this appeal is taken.

Appellants assign as error the action of the trial court in overruling their general demurrer, for the reason that the instruments so transferred are not contracts for the payment of money, as contemplated by C. S., secs. 6063, 6064; and in overruling their special demurrer. C. S., sec. 6063, provides:

"A nonnegotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement transfers all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement."

C. S., sec. 6064, provides, in part:

"Every assignor, his heirs, executors or administrators, of every such instrument in writing, is liable to the action of the assignee thereof, his executors, or administrators, if such assignee has used diligence, by the institution and prosecution of a suit against the maker of such instrument, or against his heirs, executors or administrators, for

recovery of the money or property due thereon, or damages in lieu thereof; . . . . "

Respondent concedes that the warrants in question are non-negotiable instruments, but contends that they fall within the provisions of the above statutes and appellants' liability as indorsers is fixed thereby.

Appellants, on the other hand, contend·that the warrants are not contracts for the payment of money, as contemplated by the above provisions, and that they are not liable, under the allegations of the complaint, as indorsers.

Where the matter is not regulated by statute, there is much conflict in judicial decisions as to the liability of a payee of a non-negotiable instrument who writes his name on the back thereof and transfers it to another. Cases setting out the different views of the liability thus created will be found in 8 C. J. 57. The majority view is that such a transaction amounts only to an assignment or transfer of title and creates no liability on the part of the assignor.

By the enactment of section 6064 the legislature elected to follow the minority rule, holding the indorser liable, but did not intend thereby to create any greater liability than that set forth in the terms of the instrument indorsed. The liability of the appellants is within the general rule, measured by the liability of the maker, under the maker's contract for the payment of money. (28 C. J. 947, note 75.)

These warrants were merely a means for drawing money from a fund to be created by the collection of the special assessments levied against the property in the improvement district and created no indebtedness against the village. (*Hughes v. Village of Wendell*, 47 Ida. 370, 275 Pac. 1116.) The only obligation incurred by the village was to use due diligence in collecting the assessments and to apply the money so realized in the redemption of the warrants in the order of their issue.

As against the village of Wendell, respondent could have no relief save that of resorting to the special assessment fund; that was his only security; and the same condition which limited the liability of the village also con-

stituted a limitation on the liability of the appellants as indorsers.

The general demurrer to the complaint should have been sustained. The special demurrer raised the question of the bar of the statute of limitations, which it is unnecessary to pass upon or discuss.

Judgment reversed; costs to appellants.

Budge, Givens, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.