105   491|
164   271|

## THE INTERNATIONAL BANK

### *v.*

## GEORGE S. POPPERS.

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1.  CONTRACT—*extinguishment by taking new obligation.*  As a general rule, when one person holds an obligation on another, and the obligor gives a new obligation for the same subject matter of as high or a higher dignity, such new obligation, independently of any express agreement, will operate as a satisfaction or extinguishment of the first obligation.  This is the legal presumption, which is liable to be rebutted, however, and this presumption is strengthened when there is a further and different security on the new obligation.

2.  SAME—*effect of giving a new appeal bond upon liability on a former bond.*  So where a defendant in an action of forcible entry and detainer, on an appeal from a judgment of a justice of the peace, gave an appeal bond in the penal sum of $500, and afterward, by an order of the court, gave another bond in the sum of $1200, and again, under an order of the court to "file a good and sufficient new appeal bond" by a day named, gave a new bond in the penalty of $2000, with other and different sureties, it was *held,* in an action on the second of these bonds, that the giving and approval of the last bond in the case operated as a discharge and extinguishment of the prior bonds, and that such last bond embraced and covered all the appellant's liabilities growing out of the appeal, and that no recovery could be had on the second bond.

3.  SAME—*construction of the statute—as to effect of new appeal bond in forcible entry.*  Under a proper construction of section 19 of the Forcible Entry and Detainer act, authorizing the court to require the defendant appealing to give a new appeal bond in a larger amount, if necessary to secure the rights of the plaintiff, such new bond, when required and given and approved, covers all proceedings had in the case, and relates back and embraces all acts named therein from the time of the taking of the appeal.  It stands as a substitute for all prior bonds given in the case.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. BISBEE, AHRENS & HAWLEY, for the appellant:

The giving of a new bond before a continuance in a forcible detainer suit, under the statute, does not operate as a satisfaction or extinguishment of a bond previously given. Rev. Stat. 1874, chap. 57, sec. 19; *Walter* v. *McSherry,* 21 Mo. 76. See, also, *People* v. *Curry,* 59 Ill. 35.

Poppers could only be released from liability by the execution of the $2000 bond, by its having been taken with the intention, on the part of the bank, to discharge him. *Oxley* v. *Storer,* 54 Ill. 161; *Sterling* v. *S. M. and S. Trading Co.* 11 Serg. & R. 179; *Firemens' Ins. Co.* v. *Wilkinson,* 35 N. J. Eq. 160.

Mr. THOMAS SHIRLEY, for the appellee:

The Missouri case, and the case of the administrator's bond, are not in point. The statute declares that the court in which the appeal is pending may require a new bond in a larger amount, if necessary to secure the rights of the parties, and in case of a continuance, may require another bond to be given to further secure the same.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The International Bank brought an action of forcible entry and detainer, against Catharine Walsh, to recover possession of premises claimed to have been wrongfully detained by her. The proceeding was before a justice of the peace of Cook county, and the bank recovered a judgment that it was entitled to possession of the premises. Mrs. Walsh appealed from the judgment of the justice to the circuit court, and filed an appeal bond with the clerk of that court, in the penal

sum of $500.   Subsequently, on the motion of the bank, the court ordered that she file "a good and sufficient new appeal bond in said cause" on a day named, and this she did at a day named in an order extending the time.   Afterwards, she was ruled to file an "increased appeal bond in the said cause, in the penal sum of $2000, with good and sufficient security thereto, or show cause to the contrary."   This rule was afterwards made absolute, and she subsequently filed such increased bond, which was approved by the court.   Afterwards, the bank recovered a judgment on the trial of the appeal, thereby affirming the decision of the justice of the peace.   On the 12th of July, 1878, this suit was commenced by the bank on the second bond, for $1200.   The action was debt, and Mrs. Walsh was defaulted for want of a plea to the action.   Defendant, Poppers, pleaded several pleas, in one of which he averred that the execution of the $2000 bond was accepted by plaintiff in satisfaction and discharge of the bond sued on; and in another, that when the court approved the $2000 bond, with Rice as surety, that operated to release and discharge the bond sued upon.   These pleas present the questions in controversy in the case.   Issues were joined on these pleas.   A trial was had before the court and a jury, and a verdict rendered for $1200 debt and $1000 damages. A motion for a new trial was entered and overruled, and a judgment rendered on the verdict.   An appeal was prayed, and perfected, to the Appellate Court.   On a trial in that court the judgment of the circuit court was reversed, and the cause not being remanded, the case is brought by appeal to this court, and a reversal is asked.

The question turns on whether the execution, approval and filing of the $2000 bond, with Rice as surety, operated as a discharge or release of the bond sued on in the case.   The 19th section of the Forcible Entry and Detainer act requires the defendant, if he appeals, to execute an appeal bond in an amount sufficient to cover all rents that may accrue until

the termination of the suit, and to cover all damages and loss or injury sustained by the property, and costs. It also contains this provision: "And the court in which the appeal may be pending may require a new bond in a larger amount, if necessary to secure the rights of the parties; and in case of continuance, may require another bond to be given to further secure the same." The statute is entirely silent as to the effect the giving of new bonds shall have upon those already given,—that must be determined by construction of this provision of the statute. The construction of similar statutory provisions may be referred to, to enable us to arrive at the true meaning of this statute.

In the case of *Lott* v. *The People*, 27 Ill. 215, it was held, that where an administrator, on the petition of his sureties, gave a new bond authorized by the statute, the sureties on the first bond were thereby released, and discharged from their obligation on that bond. It is true that was in a case of an administrator's bond; but that, as in this case, was a statutory bond, and there, as here, the statute made no provision as to the effect the execution of the new bond should have on the one previously given. It is true the second bond, under the provisions of the statute, rendered the sureties liable for all, past as well as future, acts of the administrators. But the decision was not placed on that ground. We regard that case, in principle, precisely the same as this. The fact that the bonds were under statutes on different subjects, does not matter. That does not affect the general rule. Here, the last bond, under a proper construction of the statute, covers all proceedings had in the case from the time the justice of the peace granted the appeal. It does not so provide in terms, perhaps, but such is the obvious effect of the statute. It can not be held that the last bond only covered acts occurring or costs accruing after the bond sued on was given. It relates back and covers all acts named in the bond from the time the appeal was taken. It is, in principle,

like the section under consideration in *Lott* v. *The People, supra,* and can not be distinguished from that case.

We are, however, referred to *The People* v. *Curry,* 59 Ill. 35, as having a bearing on this case. The decision in that case was under the 78th section of the act of 1845, but the case of *Lott* v. *The People, supra,* was under the 79th section of that act, and a distinction was taken between the operation of the two sections. The former of these sections requires "other and sufficient security," whilst the 79th section requires that a "new bond" shall be given. The bond required by the 19th section of the Forcible Entry and Detainer act, like the 79th section, requires a new bond in a larger amount. In this respect the two sections are alike, and require the same construction.

We are also referred to the case of *Walter* v. *McSherry,* 21 Mo. 75, which involved a construction of a statute similar to ours. The court there held that the giving of the new bond did not discharge the first. In view of our decision in the case of *Lott* v. *The People, supra,* we incline to adhere to our construction rather than yield to that given by that court.

The language of the statute is, a new bond—a separate, independent bond. It is not something additional to, or to become auxiliary to or connected with, the prior bond,—and not only so, but it is required to be for a larger amount, if necessary. Then, if it is a new bond, and for a larger amount, it is to have the same effect as though it was the first and only bond in the case. The statute must have intended it as a substitution for all other bonds in the case, and to operate to discharge all others; and in case of a continuance, the court is authorized to require another bond to be given to further secure the payment of rents, etc. It will be observed that this law does not provide for further security or additional bonds, but for a new bond or another bond,—and that, too, in a larger sum. We therefore, from the language of the

statute, hold that it was intended the execution of the new bond should release the sureties on the prior bond.

We therefore conclude that the Appellate Court did not err in reversing the judgment of the circuit court, and its judgment must be affirmed.

*Judgment affirmed.*