ELISHA PENNY v. FLORENCE A. RICHARDSON, W. C. MON-
ROE, JOSEPH MURRAY, S. E. RICHARDSON, C. CRAWFORD,.
CHARLES CHRISTOPH AND CHARLES K. STARKEY.

(Filed October 4, 1902.)

1. **FORCIBLE ENTRY AND DETAINER—Liability of Sureties on Appeal Bond.** Where A. institutes a forcible entry and detainer suit against B., and recovers judgment of restitution before the justice of the peace, and B. appeals from such decision, filing the statutory bond required by section 4774, Stats. Okla., 1893; and, where, on trial in the district court, the judgment of the justice is affirmed; and thereupon B. appeals from such judgment to the supreme court, and files a supersedeas bond, as required by law, and upon final hearing in the supreme court, the decision of the district court is affirmed: Held: that the liability of the sureties upon the appeal bond does not terminate until the restitution of the premises in controversy to A.

2. **SUIT ON BOND—Former Judgment.** Where, in a suit upon the appeal bond, it appears that A. has recovered judgment against the sureties upon the supersedeas bond, the amount of such judgment which has been paid should be deducted from the amount. of recovery upon the appeal bond.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. R. Thurston,* for plaintiff in error.

*James B. Diggs,* for defendant in error.

Reversed and remanded.

Opinion of the court by

BEAUCHAMP, J.: This is a suit upon an appeal bond given by the defendants F. A. Richardson, Joseph Murray and W. C. Monroe for the purpose of appealing from a judg-

ment of restitution rendered against them in favor of E. Penny, on the 8th day of March, 1895, in a justice of the peace court in an action of forcible entry and detainer, in which E. Penny was plaintiff, and F. A. Richardson, Joseph Murray and W. C. Monroe were defendants. The district court affirmed the decision of the justice of the peace, and from such judgment of the district court the defendants in error appealed to the supreme court, filed a supersedeas bond, and remained in possession of the property. The supreme court affirmed the decision of the district court. Thereafter, the plaintiff in error, Penny, brought suit upon the supersedeas bond, and recovered judgment therein for the sum of nine hundred and eighty-five dollars, which judgment has been paid. Afterwards, the plaintiff in error, Penny, instituted this suit against the defendants in error, on the appeal bond filed on appeal of the forcible entry and detainer suit from the justice of the peace court to the district court. This cause was tried in the district court, before the court and jury, and the jury returned a verdict in favor of the plaintiff therein, Penny, which judgment was, on motion, set aside and modified by the court, and the court below rendered judgment in favor of Penny in the sum of four hundred and twenty dollars, and held that the liability of the sureties on the appeal bond was terminated at the time of the filing of the supersedeas bond. From which decision and judgment, the plaintiff in error appeals to this court.

The petition in error in this case specifies twenty-seven assignments of error relied upon for a reversal of the judgment of the district court. The brief of counsel for plaintiffs in error nowhere refers to the page of the transcript

under consideration, as required by Rule IV of this court; the pages of the case-made are not consecutively numbered, as required by Rule III of this court; the case-made is not presented in a connected manner, and if counsel are unwilling to present their matter in a lucid and intelligent form, they certainly cannot expect this court to give that consideration to their various assignments of error which otherwise would be given. (*Barnes v. Lynch,* 9 Okla. 156.)

In view of the manner in which the record is presented for the consideration of this court, and the violation of Rules III and IV above mentioned, this court will not consider any of the assignments of error prior to the twenty-first, which is as follows:

"21. The court erred in holding that the plaintiff could not recover upon his appeal bond from the date of said bond down to the delivery of the property in question."

This appeal bond was given pursuant to the provisions of section 4774 of the Statutes of Oklahoma for 1893, which section is as follows:

"In appeals taken by the defendant in actions for forcible entry and detention, or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not commit or suffer waste to be committed on the premises in controversy; and if, upon the further trial of the cause, judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property, pursuant to the judgment, and all damages and costs that may be awarded against him."

By this section, it was intended to provide that a defendant against whom a judgment of restitution had been ren-

dered, should, if he intended to appeal from such judgment, not commit waste or suffer waste to be committed on the premises in controversy, should pay double the value of the use and occupation of the premises occupied by him from the date of his appeal bond until the premises were vacated by him, provided the judgment of the lower court should be affirmed. This bond is not conditioned to pay double the value of the use and occupation of the premises until the decision of the case on appeal in the district court. It has no limitation of liability, in case of affirmance of the judgment, "until the delivery of the property, pursuant to the judgment."

In the forcible entry and detainer case, the plaintiff therein, Penny, obtained a judgment of restitution in the district court; the defendants therein, Richardson, Murray, and Monroe, not being satisfied with the judgment, appealed therefrom to the supreme court, and, as required by statute, filed a supersedeas bond in order to stay the issuance of the writ of restitution pending the appeals. This court affirmed the decision of the district court in the case of forcible entry and detainer, and the judgment became final. Thereafter a recovery was had by Penny upon the supersedeas bond filed by defendants Richardson, Murray and Monroe, in the sum of $985, which amount has been paid to Penny.

The main contention in this action is whether the sureties upon the appeal bond, filed on appeal from the justice's court in the suit of forcible entry and detainer, are liable, according to the terms of their undertaking, from the date of their bond to the time when the property was surrendered to Penny, or whether such liability only extends to the time

when the supersedeas bond was given on appeal from the district court to the supreme court.

It is a well settled principle of law that sureties are bound by their contract, and no further. The sureties on the first appeal bond agreed "if, upon the further trial of the cause judgment be rendered against them (the defendants) they will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property pursuant to the judgment," * * * The sureties did not undertake to limit their liability to the time of the decision of the district court, and if such a provision had been inserted in the bond, the bond would not have been the bond required statute.

The appeal bond, given on appeal from the justice's court to the district court, was approved December 17, 1895; the judgment in favor of Penny in the justice's court was rendered March 8, 1895, but from the record it appears that the sureties on said appeal bond did not qualify until the 16th and 17th days of December, 1895, and that said bond was not approved by the district court until the 17th day of December, 1895. This appeal bond is effective from its date, by the terms of the statute, but the record is absolutely silent, so far as we can ascertain, as to the date of the bond. It may be that the bond filed in the justice's court did not have sufficient or proper sureties, and those appearing on the bond in the record were not given until the date of their justification. For whatever cause, the sureties sued in this action did not sign and qualify until December 17, 1895, the date of the approval of the bond by the district court; hence their liability commenced at that time.

The defendants in error cite numerous authorities, claiming that they support their view of the law, and are applicable to the cause at bar, but on a close examination of these authorities, it appears that they nowhere decide the question presented here, either directly or by analogy.

In the case of *Winston & Fenwick v. Rives,* 4 Stew. & Port. 269, cited by counsel for defendants in error, the question was whether the sureties on a supersedeas bond on writ of error from the county court to the circuit court were discharged by the execution of another supersedeas bond, executed by their principal in appealing the cause from the circuit court to the supreme court. The court in that case say:

"Their undertaking was to render them liable to him on the happening of an event dependent upon the action of the circuit court, and could not be dependent on an event still more remote, * * *. It may, however, be readily perceived why one would be surety on a writ of error bond to the circuit court, when he would be unwilling to be bound to await the result of a decision in the supreme court."

In that case the sureties bound themselves by the terms of the bond, to become liable, under certain conditions, upon the decision of the circuit court; in this case, the sureties entered into no such contract; their contract was, among other things, to "pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property, pursuant to the judgment, * * *," not until the decision of the district court. The distinction between the provisions of the bonds in the two cases is marked and obvious.

In the case of *International Bank v. Popper,* 105 Ill. 491,

cited by counsel for defendants in error, different appeal bonds had been filed covering the same appeal, presumably because the first bond was held insufficient, a state of affairs totally different from that in the case at bar, and having no bearing upon this case.

In *Hinckley v. Krietz,* 58 N. Y. 583, cited by defendants in error, a state of facts exists similar to that in *Winston & Fenwick,* commented upon *supra.* The other authorities cited by counsel for defendants in error do not apply to the facts in this case, for the reason that in the case at bar the question of election does not have any place.

A plain construction of the terms of the appeal bond leaves no doubt of the scope of the liability of the sureties thereon. Such liability existed "until the delivery of the property, pursuant to the judgment," and such liability is not limited by the giving of the supersedeas bond in any respect; the supersedeas bond is simply additional security. The statute provides that the supersedeas bond shall be limited to the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession, and that the defendant will not commit or suffer to be committed any waste to the property; it does not provide for a double liability, but only for a single liability. The sureties on that bond are bound by the conditions of their undertaking, but the giving of that undertaking does not lesson the liability for double value of the use and occupation provided for in the terms of the appeal bond.

Justice Brewer, in delivering the opinion of the supreme court of Kansas, in the case of *Coonradt v. Campbell,* 29 Kans. 391, decides this very question, and that part of the

opinion which deals with this question is not *obiter dictum,* but a decision upon the merits of the case. In that case, Campbell had brought an action of forcible entry and detainer against Coonradt; judgment was rendered in favor of Campbell by the justice of the peace, and Coonradt appealed from such decision to the district court, giving the statutory appeal bond, which was the same as the appeal bond given in the case at bar. On the final trial in the district court, Campbell obtained judgment of restitution against Coonradt; between the first and second trials in the district court, Coonradt had attempted to remove certain improvements from the land in controversy, and Campbell had obtained a temporary injunction against Coonradt, restraining him from removing said improvements; on the final hearing of the injunction matter, the court dissolved the temporary injunction, and afterwards Coonradt brought suit against Campbell on the injunction bond, to recover damages by reason of the issuing of the order of injunction. In that suit by Coonradt against Campbell, Campbell, by way of answer, set up the appeal bond given by Coonradt, on appeal in the forcible entry and detainer suit from the justice of the peace to the district court. Coonradt claimed, as do the defendants in error in the case at bar, that the giving of the supersedeas bond by him, on appeal from the judgment of the district court to the supreme court in the forcible entry and detainer case did away with and took the place of the appeal bond given by him. But the supreme court of Kansas says:

"* * * Now it is contended that this supersedeas bond did away with and took the place of the appeal bond; that under it there was only single, and not double liability, and that therefore, while it was in force, Campbell was entitled to

recover only the actual rental value, and not double that amount. This is a mistake. The appeal bond continued in force from the time it was given until the property was restored under the final judgment. The supersedeas bond was only additional security, having in no manner set aside the obligations of the appeal bond. It was entirely optional with Coonradt whether he took the judgment against him in the district court up to this for review, and entirely optional whether if he did take it up he should stay the enforcement of that judgment by a supersedeas. His election to continue the litigation further and to stay proceedings in no manner released him from the liabilities assumed by this appeal bond. * * * *"

Therefore in Kansas, from which we took our code of civil procedure, the supreme court has passed upon the question involved herein, and we consider such decision correct, and applicable to this case.

In the case of *Church v. Simmons,* 83 N. Y. 261, the court of appeals decide the case in consonance with the rule laid down in *Coonradt v. Campbell, supra,* and say:

"The undertaking upon which the action was brought was executed on the appeal by the defendant Witbeck to the general term, from a judgment for the recovery of the possession of real property rendered in favor of the plaintiff, for the purpose of staying the execution of the judgment pending the appeal, and is in the form prescribed by section 338 of the old code. The undertaking contains, among the other provisions prescribed, a provision that 'during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon.' The judgment appealed from was affirmed by the general term, September 25, 1865. On the 4th of Oct., 1865, the defendant Witbeck appealed to the court of appeals from the judgment of affirmance by the general term, and perfected his appeal and gave the

requisite undertaking with new sureties to stay execution pending the appeal to that court. He remained in possession of the premises recovered in the action until after the final affirmance of the judgment in this court, January 12, 1867, and in the winter of 1866-7, while the appeal to the court of appeals was pending, committed the waste for which this action brought. The referee directed judgment for the value of the use and occupation up to the amount specified in the undertaking, and for the damage occasioned by the waste. The general term reversed the judgment entered on said report as to the latter item. The only question presented on this appeal is whether the surety in the undertaking on the appeal to the general term is liable on his undertaking for waste committed by his principal while in possession of the premises after the affirmance of the judgment on that appeal, and after the new undertaking was executed on the appeal to this court.

"There can be no doubt that such liability is within the letter of his obligation. The undertaking is that the principal shall not commit, or suffer to be committed, any waste 'during the possession' of the premises by the appellant. The liability is not by the language of this clause limited to waste committed during the appeal, or while the plaintiff is kept out of possession by the stay, secured by the undertaking. If such a limitation exists, it must be found in other clauses of the obligation which restrain and limit the meaning of the clause in question."

We have carefully investigated the authorities bearing upon this question, and our opinion is that the sureties on the appeal bond are liable for damages, according to the terms of the bond, from the 17th day of December, 1895, up to the time of the delivery of the possession of the premises in dispute to the plaintiff, Penny, pursuant to the judgment. The plaintiff, Penny, has already recovered from the sureties or

principal on the supersedeas bond the sum of $985, presumably for damages according to the terms of such bond from the time it went into effect to the time of the delivery of the possession of the premises. He can only recover double the value of the use and occupation of the premises in any event; $985 of that amount has been paid to him, and his recovery in this case, from the sureties on the appeal bond, is double the value of the use and occupation of the premises in dispute from the 17th day of December, 1895, up to the date of the delivery of possession to him, pursuant to the judgment, less the sum of $985 already paid to him. This, we believe to be the proper and logical construction of the terms of the appeal bond in this case, and a construction which in nowise expands the liability assumed by the sureties on the appeal bond, while it provides just such compensation for the plaintiff in error as is contemplated in section 4774, Statutes Okla., 1893.

To hold that the plaintiff could recover on the appeal bond from the date of its execution to the time of the restitution of the property, and also that the plaintiff could recover on the supersedeas bond in addition thereto, would give the plaintiff more than is contemplated by the statute.

The judgment of the district court is reversed, and the cause remanded, with directions to make computations according to the views herein expressed, and render judgment on the special findings accordingly, after allowing proper credits as shown by said findings.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.