## GILLESPIE *et al.* v. FRISBIE.

No. 4087. Opinion Filed May 11, 1915.

(148 Pac. 991.)

1. **FORCIBLE ENTRY AND DETAINER—Bond—Validity—Adoption of Statute.** Section 6396, Comp. Laws 1909, providing that, in appeals in forcible entry and detainer actions, a bond should be given by the defendant to pay double the value of the use and occupation of the property from the date of the bond until the delivery of the property, was never enrolled and never became the law of Oklahoma until· the adoption of the Revised Laws of 1910, which became effective May 1913 (Rev. Laws 1910, Sec. 5475); and a bond given under that section prior to May 1913, was without statutory authority, and cannot be enforced as a statutory obligation.

2. **BONDS—Right to Enforce—Separable Conditions.** When a bond is given without statutory authority, and contains conditions, some· of which are legal, and·some illegal, some of which are supported by valuable consideration, and some of which are not, and they are separable, the illegal conditions should be disregarded and the legal conditions enforced.

(Syllabus by Brett, C.)

*Error from Superior Court, Garfield County;*

*Dan Huitt, Judge.*

Action by James E. Frisbie against J. W. Gillespie and another. · From judgment for plaintiff, defendants bring error: Modified and affirmed.

*Robberts, Curran &. Otjen,* for plaintiffs in error.

*H. Blasdel and W. T. Chu--h,* for defendant in error.

BRETT, C.    This is an action upon an appeal bond given·
in a forcible detainer suit; the bond being conditioned, as provided by section 6396· Comp. Laws of 1909, that if a defendant.
in a forcible and unlawful detainer action appeals from a judgment awarding the delivery of the possession of real estate to
the plaintiff, the defendant must give an undertaking that:

"If, upon the further trial of the cause, judgment be rendered against him, he will pay double the value of the use and,
occupation of the property from the date of the undertaking
until the delivery of the property, pursuant to the judgment,
and all damages and costs that may be awarded against him."

The material facts, briefly stated, are that James E.
Frisbie, defendant in error, who was plaintiff below, leased
certain real property described in the petition, situated in the·
city of Enid, to J. W. Gillespie, one of the plaintiffs in error,
at the agreed price of $150 per month, for a specified time, but
on the 13th day of September, 1909, and before the lease expired, brought a forcible detainer action in the justice court to
dispossess Gillespie of the premises. Gillespie resisted the action,
but was defeated in the justice court, and judgment was rendered,
awarding Frisbie possession.    From this judgment' Gillespie
appealed to the county court of, Garfield county,· and in perfecting this appeal gave the bond required by the section above
referred to.    He was unsuccessful in the county court, and.
judgment was rendered in favor of Frisbie in that court for the,
possession of the property; that judgment became final January,
31, 1911, and suit was immediately thereafter filed upon the·
appeal·bond given by Gillespie, against himself and Pat McC,
Inteer, his surety, which resulted in a judgment in favor of·
Frisbie for $4,500, double the amount of the rental value of the,
premises, as provided in the bond.    From which judgment the
defendants· below, Gillespie and his surety, McInteer, bring the
case to this court for review.

There are a number of assignments of error, but we think

they may be condensed into two general complaints: (1) That this section is unconstitutional; and (2) that it was not the law of the state of Oklahoma at the time this litigation was had. We will notice the last assignment first, viz., that this section was not the law of the state at the time of this litigation.

The case was tried in the court below upon an agreed statement of facts, which recites, in addition to the facts above stated, that the value of the use and occupation of he premises "was and is the sum of $150 per month"; but the judgment of the lower court gives the defendant in error $300 per month for these premises, which he has stipulated and agreed were, at the time they were detained, and at the time this judgment was rendered, only worth $150 per month. This judgment is based upon the conditions of the bond given, in compliance with the section above mentioned. The plaintiff in error says that this section was void and of no force at the time the appeal was taken, the bond given, and the judgment herein obtained.

It appears from the record that this question was raised in the lower court, and a certificate of the secretary of state is made a part of the record which shows that this section under which this bond was given was never enrolled, and had at the time of this litigation never been a law of the state of Oklahoma. The same also appears from a note of explanation in the statutes in which this section was published. And, as a matter of fact, this section never became the law of Oklahoma until May, 1913, when the Revised Laws of 1910, as approved by the Legislature (Rev. Laws 1910, sec. 5475), became effective, which was subsequent to the matters involved in this litigation. Therefore at the time of this litigation, there was no statute authorizing the bond given, and it cannot be enforced as a statutory obligation.

The defendant in error cites *Penny v. Richardson*, 12 Okla. 256, 71 Pac. 227, in support of his right to recover under this statute. But in that case the validity of this statute is not questioned; consequently not considered nor discussed. The principal

issue in that case was whether the sureties on the appeal bond were liable from the date of the bond till the property was surrendered to Penny, or only liable from the date of giving the bond till the date on which a supersedeas was given, on an appeal from the district court to the Supreme Court; and the proposition presented in this case was not considered nor discussed by the court in that case, and is brought to the attention of this court for the first time in the case at bar.

It is urged, however, that this appeal may have been taken under section 6083 of Comp. Laws 1909, but this cannot be true; since that section provides for appeals on error, and in those cases that the bond should be approved by the district clerk, but the record shows this appeal was taken upon both law and fact, and tried *de novo,* and that the bond sued on was approved by the justice of the peace as provided in section 6396. Having, therefore, found the section under which the bond in this suit was given to a nullity, it is unnecessary to consider the constitutional question raised, as it could affect only the same section in the Revised Laws of 1910, which are not involved in this case.

The question then arises: What are the rights of the parties to this action, as the matter now stands?

Counsel for defendant in error argues that, even if there was no statute providing for the giving of the bond, it would be enforceable as a voluntary agreement; since it is supported by an independent and valuable consideration not dependent upon statutory requirements, and cites *United States v. Hodson et al.,* 10 Wall. 395, 19 L. Ed. 937, in support of this proposition. We think the contention is, in part, correct, and the bond without the statute is enforceable to the extent that there is a valuable consideration. But we cannot agree with counsel that tht benefit of an appeal to the county court from the justice court is a consideration for which the plaintiff in error would have to pay the defendant in error. That right was given him by the Constitution of his state, and guaranteed without price; and the exercise

of that right gave the defendant in error no claim upon him for any amount in addition to the actual consideration parted with. *United States v. Hodson, supra,* holds that:

"A bond not conditioned in the precise language of the statute, yet if it be voluntary, and not prohibited by the statute, nor contrary to public policy, and founded upon a sufficient consideration is valid," and "where a bond contains conditions, some of which are legal, and others illegal, and they are separable, the latter may be disregarded, and the former enforced."

This, we think, is the precise situation in the case at bar. The bond in controversy contained conditions, some of which are legal, and others illegal, some of which are supported by a valuable consideration, and some of which are not, and we think these, under the pleadings and facts in this case, are separable, and that the illegal conditions should be disregarded, and the legal conditions enforced. This view, we think, is in harmony with the weight of authority, and also the other authorities cited by counsel for defendant in error.

We think the defendant in error is entitled to the actual value of the premises, and all damages proven, which the pleadings and judgment show to be $2,250. We therefore recommend that the judgment be modified, allowing defendant in error judgment for $2,250, with interest at 6 per cent. from the date of the original judgment, same being $150 per month for the time the property was detained, instead of $300, and, as modified, that the judgment be affirmed.

By the Court: It is so ordered.