TOWN OF SHATTUCK et al.
v. BARCAFER.

No. 30898. April 13, 1943.

137 P. 2d 238.

Perry J. Morris, of Shattuck, for plaintiffs in error.

Reuben K. Sparks, of Woodward, for defendant in error.

GIBSON, V. C. J. This is an action in mandamus instituted by the owner and holder of a street improvement bond against the town of Shattuck and its town treasurer to compel the payment and retirement of said bond out of certain accumulated funds. Judgment was for plaintiff, and defendants appeal.

The bond was identified as No. 30 of series No. 1, of said town, and issued pursuant to chapter 173, S. L. 1923. Its maturity date was October 1, 1936, and was next in line for retirement out of any funds coming into the town treasury for that purpose (11 O. S. 1941 § 151). The treasurer had on hands the sum of $653 representing amounts paid in for the retirement of said series of bonds. The face value of the bond was $500. With the accumulated interest the amount due thereon was in excess of the sum held by the treasurer. However, plaintiff agreed in open court to accept the sum on hand in full satisfaction of the bond.

As foundation for his action plaintiff relies on section 151, supra, and particularly on the portion thereof which reads as follows:

". . . and it is hereby made the duty of such city or town treasurer upon the accumulation of sufficient funds as herein provided to pay one or more bonds to so call and pay such bond or bonds, and in the event of failure so to do, he shall be liable for all such damages as may result therefrom, and the provisions hereof may be enforced by appropriate proceedings in mandamus against such treasurer."

To defeat the action defendants relied wholly on the time limitation as fixed by 11 O. S. 1941 § 242. That section, referring to bonds of this character, provides that "the right of any holder to enforce the lien" thereof "by foreclosure, mandamus, refunding or otherwise, shall be barred upon the expiration of three years immediately following the maturity date named in the face of such bond . . . Provided, however, that in all cases where the period of limitation herein mentioned has expired or will expire prior to November 1, 1939, the holder of such bonds shall have until December 1, 1940, in which to pursue his remedy or obtain the benefits of this act."

The present action was commenced August 1, 1941, or after the above statutory period of limitation had expired.

Unless laches, measured by this limitation, applies to this particular action, it was the duty of the town treasurer to pay to the plaintiff the sum then in his hands and to retire the bond. Fooshee v. Martin, 184 Okla. 554, 88 P. 2d 900. No issue is made of the fact that the amount so accumulated was less than the sum due on the bond. And we are aware of no reason why the agreement of the bondholder to accept a lesser amount should not satisfy the statutory provision that the bonds be retired "upon the accumulation of sufficient funds . . . to pay one or more bonds. . . ."

The law relating to the treasurer's duty in such case is expressed in Fooshee v. Martin, supra, as follows:

"It is the duty of a city treasurer to pay both the interest and principal due upon bonds that are payable under section 6237, O. S. 1931, and where proper and sufficient funds are available to pay both sums, and the city treasurer refuses, upon demand, to make such payment, he may be compelled to do so by mandamus."

Said section 242, fixing the time limitation for commencement of actions on street improvement bonds, clearly applies alone to the "right . . . to enforce the lien" of such bonds. It has no application to actions on the bonds to recover money paid to the municipality for their retirement. The only lien contemplated by section 242 is the statutory lien of the bond against the premises affected. The purpose was to relieve the real property from stale lien claims arising under the bonds. That intent is clearly revealed by the portion of said section 242, as follows:

"The running of the period of limitation herein fixed shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead as a defense or not, and the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds."

Nothing is said in the statute concerning money paid in by property owners for the retirement of the bonds. The money so collected does not belong to the municipality, but to the bondholder. In the collection thereof the municipality stands in the relation of agent to the bondholder. City of Beggs v. Kelly, 110 Okla. 274, 238 P. 466. The municipality held the money as trustee for the bondholder. The present action was commenced within time, and was not barred by laches or any statute of limitation.

The judgment is affirmed.

CORN, C. J., and RILEY, HURST, and DAVISON, JJ., concur. OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., absent.