HOLLINGSWORTH v. CITY OF GUTHRIE et al.

No. 34822.   July 8, 1952.

*245 P. 2d 1159.*

L. W. Randolph, Muskogee, for plaintiff in error.

Merle G. Smith, Guthrie, for defendants in error.

DAVISON, J. The parties appear here in the same order in which they appeared in the trial court and will be so referred to. F. Hollingsworth, as plaintiff, sought the issuance of a writ in mandamus to compel the defendants, the city of Guthrie, Oklahoma, and Fred L. Wenner, its treasurer, to pay and redeem two certain paving bonds owned and held by said plaintiff. The case was tried on stipulation of facts.

The plaintiff was the owner of bonds numbered 13 and 14 issued in 1926 by a street improvement district in the city of Guthrie, Oklahoma, under the provisions of what is now 11 O.S. 1951 §151 et seq. Bonds numbered 1 to 9, 11, 12 and part of 13 had been paid. Bond Number 10 was, on August 1, 1936, called for payment but was never presented for payment and the city treasurer had in his hands, for the purpose of such payment, the sum of $500, the principal amount thereof. On November 10, 1949, plaintiff filed his amended petition whereby he sought the issuance of a writ of mandamus directing the application of the said $500 to payment on bonds numbered 13 and 14. The theory upon which he sought such relief was that "any claim or demand which might be now made by the owner or holder of said Bond Number 10 to have said bond paid out of said trust fund is barred by the statutes of limitation of the State of Oklahoma in such case made and provided, and particularly by Subdivision First of Section 95 of Title 12 Oklahoma Statutes 1941." The trial court denied the writ and plaintiff has perfected this appeal from that judgment.

The parties made no attempt to comply with the provisions of the statutes governing pleadings in this type of action (12 O.S. 1941 §§1451 to 1462). However, the matter will be considered on its merits. Plaintiff has attempted by this action to establish bond Number 10 as unenforceable and destroy all rights of collection by the owner and holder thereof who is not a party to the action. Therefore, no effective determination can be made of the rights of the parties. Suffice it to say that the cases, cited to support the assertion that the statute of limitations has run, deal with situations wherein there was a liability on the part of the municipality. Such is not the case here. The city is the agent to collect and apply the funds assessed to the discharge of the expense incurred in making such improvement. City of Beggs v. Kelly, 110 Okla. 274, 238 P. 466; State ex rel. Southern Surety Co. v. Armstrong, 158 Okla. 290, 13 P. 2d 198.

"In the collection thereof the municipality stands in the relation of agent to the bondholder. * * * The municipality held the money as trustee for the bondholder." Town of Shattuck et al. v. Barcafer, 192 Okla. 336, 137 P. 2d 238.

The rule has many times been stated by this court that:

"The writ of mandamus may be issued by the district court only to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust or station, and only when the plaintiff shows a clear legal right to such performance and shows also that it is the plain legal duty of the defendant to

636

perform the act sought to be compelled." Morrison et al. v. Roberts, 183 Okla. 359, 82 P. 2d 1023.

"A writ of mandamus will not issue to compel a public official to do an act which the law does not specifically enjoin upon him to perform or by clear and reasonable inference make it his duty to perform." Little v. Excise Board of Marshall County, 161 Okla. 40, 16 P. 2d 1080.

In the case at bar, the governing statute, 11 O.S. 1941 §151, provided that "said bonds of each series shall be payable in their numerical order." Plaintiff has not shown wherein the law enjoins upon a city or city treasurer the duty of paying the bonds in another order, and, since the rights of the owner of bond Number 10 cannot be destroyed in a suit wherein he is not a party, the collectability of bond Number 10 cannot be determined. There is grave doubt that such a question could be litigated in a mandamus action. The trial court was correct in denying the writ.

The judgment is affirmed.

HALLEY, V. C. J., and JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. WELCH, J., dissents.