OSCN Found Document:TULSA INDUSTRIAL AUTHORITY v. CITY OF TULSA

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 TULSA INDUSTRIAL AUTHORITY v. CITY OF TULSA
2014 OK 81
Case Number: 111804
Decided: 09/30/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 81, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

TULSA INDUSTRIAL AUTHORITY, an Oklahoma Public Trust, Plaintiff/Appellee,
v.
CITY OF TULSA, OKLAHOMA, a municipal corporation, and TULSA HILLS, LLC, an Oklahoma limited liability company, Defendants/Appellees,
and
STATE OF OKLAHOMA, ex rel. J. CLARK BUNDREN, M.D., a resident TAXPAYER of the CITY of TULSA, State of Oklahoma, Intervenor, Defendant, Counterclaimant, and Cross-Petitioner/Appellant,
and
TULSA INDUSTRIAL AUTHORITY, CITY OF TULSA, OKLAHOMA and TULSA HILLS, LLC, Third-Party Defendants,
and
MARY FITZGERALD, District Judge, Tulsa County, Oklahoma, Appellee.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY,
OKLAHOMA, HON. MARY F. FITZGERALD, DISTRICT JUDGE

¶0 In this second appeal, the Taxpayer/appellant, J. Clark Bundren, M.D., asks this Court to review a dismissal with prejudice by the trial court for refusal to amend Taxpayer's second amended petition, which the trial court ordered be amended to join bondholders as necessary parties to this lawsuit. Subsequently, trial court dismissed the lawsuit with prejudice. This Court retained the matter for decision.

AFFIRMED.

Mary R. Bundren, BUNDREN LAW FIRM, P.C., Tulsa, Oklahoma, and Kenneth L. Brune, BRUNE LAW FIRM, Tulsa, Oklahoma, for appellant.
J. Douglas Mann, and Jerry A. Richardson, ROSENSTEIN, FIST & RINGOLD, Tulsa, Oklahoma, for appellee Tulsa Industrial Authority.
Lewis N. Carter, and Kevin C. Coutant, DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P., Tulsa, Oklahoma, for appellee Tulsa Hills, L.L.C.
Gerald M. Bender, Litigation Division Manger, Brandon J. Burris, Senior Assistant City Attorney, Tulsa, Oklahoma, for appellee City of Tulsa.

WINCHESTER, J.

¶1 The dispositive issue in this appeal is whether or not Taxpayer/appellant, J. Clark Bundren, M.D., (Taxpayer), must include bondholders as necessary parties to this lawsuit. We affirm the order of the trial court.

PROCEDURE

¶2 This appeal is the second appeal in this dispute between Taxpayer and the appellees. The opinion in the first appeal was handed down on June 21, 2011, with rehearing denied on February 6, 2012. Tulsa Industrial Authority v. City of Tulsa, 2011 OK 57, 270 P.3d 113. The two issues in that case were (1) whether Taxpayer should have been allowed to intervene in a declaratory judgment proceeding to determine the legality of certain public expenditures and financing; and (2) whether the appeal was moot because the appellees, Tulsa Industrial Authority, City of Tulsa Oklahoma, and Tulsa Hills, L.L.C. (TIA, City, and TH, respectively), obtained a declaratory judgment after Taxpayer was prohibited by the trial court from intervening. This Court denied the motion to dismiss the appeal for mootness and held that Taxpayer's claim for equitable relief presented by a motion to intervene was not made moot by the judgment rendered during the appeal. Tulsa Industrial Authority, 2011 OK 57 at ¶¶ 17, 30, 270 P.3d at 122, 128.

¶3 This Court affirmed the trial court's order that denied Taxpayer's motion to intervene as a qui tam plaintiff, but reversed the trial court's order denying a motion to intervene in which Taxpayer sought equitable relief. The cause was remanded to the district court for further proceedings consistent with the opinion. Tulsa Industrial Authority, 2011 OK 57 at ¶ 45, 270 P.3d at 133.

¶4 On July 9, 2012, the trial court ordered Taxpayer to file his "Petition in Intervention" on or before August 16, 2012. On August 15, 2012, Taxpayer complied with the order by filing the petition. On September 14, 2012, the appellees each filed separate motions to dismiss, and asserted that the bondholders were necessary parties.

¶5 On November 3, 2012, the trial court granted the motions to dismiss and allowed Taxpayer twenty days to file an amended petition. The court included the requirement that if Taxpayer filed an amended petition seeking to enjoin the City from making payments to the bondholders who purchased the bonds used to finance the underlying transaction, then the Taxpayer must provide notice of the amended petition to the bondholders and file proof of such notice with the court.

¶6 On December 17, 2012, Taxpayer filed an amended petition, and the appellees responded on January 3, 2013, with separate motions to dismiss. On April 5, 2013, the trial court again dismissed Taxpayer's petition on the basis that Taxpayer did not provide notice to bondholders as necessary parties to the lawsuit, and that Taxpayer did not state a claim on which relief could be granted.

¶7 The trial court found that the bondholders were necessary parties to the action and if not joined, the present parties to the action would face a substantial risk of incurring multiple and potentially inconsistent obligations. The court again dismissed without prejudice the causes of action for declaratory and injunctive relief for failure to comply with the court's prior order and for failure to join all parties necessary "to a just adjudication of this matter." The court allowed Taxpayer twenty days to file an amended petition, and ordered that if Taxpayer did not amend the petition within that time, the action would be dismissed with prejudice to all the claims.

¶8 Instead of amending the petition, Taxpayer filed with this Court an Application to Assume Original Jurisdiction and Petition for Writ of Prohibition and Mandamus. On June 19, 2013, the trial court entered a final order of dismissal with an effective date of April 25, 2013, which was the date the twenty-day period for an amendment expired. On August 7, 2013, this Court retained the matter for decision.

DISCUSSION

¶9 Title 12 O.S.2011, § 2019, provides in pertinent part:

"A. PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process shall be joined as a party in the action if . . .
"2. He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
"a. as a practical matter, impair or impede his ability to protect that interest, or
"b. leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff."

¶10 In summary of the pertinent events, Taxpayer filed his petition to intervene, and the appellees filed their motions to dismiss, and when the trial court granted the motions to dismiss the court alerted the Taxpayer that an amended petition to enjoin the City from making payments to the bondholders would require the Taxpayer to provide notice to the bondholders and file proof of such notice with the court. When Taxpayer filed the amended petition, Taxpayer did not provide notice to the bondholders.

¶11 Predictably, the appellees again moved to dismiss the petition, and the court for the second time granted Taxpayer time to amend his petition and join the bondholders. Taxpayer chose to petition this Court for Prohibition and Mandamus, thus bringing before this Court, for the first time, the issue of the necessity of joining the bondholders to this lawsuit. The trial court had stated its reason for adding the bondholders. Leaving the bondholders out of the lawsuit would cause the appellees to be subject to a substantial risk of incurring double, multiple, or inconsistent obligations in a separate suit or suits by bondholders.

¶12 On page 9 of the Appellant's [Taxpayer's] Reply Brief to the Answer Brief of Appellees, Tulsa Industrial Authority and City of Tulsa, the Taxpayer argues, "[I]f the bondholders wish to prosecute an action, they are free to do so regardless of the prosecution of this matter." We take this statement as an admission of the obvious, that bondholders could choose to prosecute an action separately from the lawsuit now before this Court. This leaves the appellees subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, and is the purpose of the protection afforded under 12 O.S.2011, § 2019(A)(2)(b), which requires potential plaintiffs to be joined to a lawsuit.

¶13 Taxpayer provides several defenses to his being required to join the bondholders to the lawsuit. He first argues that this Court, in its previous opinion, implied that the bondholders were not necessary parties to the lawsuit when this Court omitted any discussion of joining the bondholders. The issue regarding the bondholders was not addressed in the opinion, and Taxpayer should not infer such a holding. This Court typically does not address issues before the parties have presented them for the trial court to adjudicate. Tulsa Industrial Authority, 2011 OK 57, ¶ 44, 270 P.3d at 133. In that opinion we stated the limitations of the holding, which issues addressed intervention requesting equitable relief. Joining bondholders to the lawsuit was not an issue at that stage. We have held that "This Court, as an appellate tribunal, does not make first-instance rulings." Boston v. Buchanan, 2003 OK 114, ¶ 41, 89 P.3d 1034, 1045. This appeal regarding joining bondholders to the lawsuit is now before this Court for the first time. Taxpayer's assumption that the previous appellate case regarding Taxpayer's intervention in the matter also included an inferential holding regarding the bondholders is in error.

¶14 Taxpayer claims he does not have access to the names and whereabouts of any of the bondholders and that discovery has not been allowed. Taxpayer does not make any showing that he attempted and the trial court subsequently denied discovery. Therefore, this argument fails.

¶15 He also claims that the Tulsa Industrial Authority was required by federal law to disclose the lawsuit to bondholders within ten business days and that compliance with such a requirement should serve as notice. When the trial court ordered the first amended petition, it ordered that the bondholders be notified and that Taxpayer provide proof of such notice. The Taxpayer did not comply with this order. After the trial court dismissed the amended petition, it then found that the bondholders were necessary parties and must be joined to the lawsuit. An order to join a person to a lawsuit is not the same as ordering notice. Section 2019 of title 12 provides in subsection A that "A person who is subject to service of process shall be joined as a party to the action if . . . ." That sentence requires service of process, not merely notice. Taxpayer does not argue that he served any bondholder with process, so this defense also fails.

SUMMARY

¶16 The trial court dismissed this case because Taxpayer first refused to give notice to the bondholders, and then refused to serve notice to join the bondholders to the lawsuit. In both instances, the trial court allowed more time for Taxpayer to comply with the orders. Taxpayer has refused to join the bondholders to the lawsuit, and that without a valid defense. A repeated failure to cure deficiencies by amendments previously allowed by the trial court is cause for dismissal with prejudice. See Prough v. Edinger, 1993 OK 130, ¶ 9, 862 P.2d 71, 76. Taxpayer's motion for oral argument is denied. We affirm the trial court's dismissal with prejudice of this matter.

AFFIRMED.

CONCUR: REIF, V.C.J., WATT (JOINS EDMONDSON, J.), WINCHESTER, EDMONDSON, COMBS, GURICH (JOINS EDMONDSON, J.), JJ.

CONCUR IN RESULT: KAUGER, TAYLOR, JJ.

CONCURS IN PART; DISSENTS IN PART: COLBERT, C.J.

EDMONDSON, J. Concurring (joined by Watt, J. and Gurich, J.).

¶1 I concur with the Court's opinion and write separately to explain the procedural infirmity of appellant's assignments of error. The trial court ruled that the nature of the equitable relief sought by taxpayer required the presence of the bondholders because of 12 O.S.2011 § 2019, and I agree based upon the inadequate appellate record and briefs which fail to show reversible error.

I. Bondholders as Named Parties

¶2 Bondholders need not always be named parties in litigation which affects their interests. The U. S. Supreme Court provided the following explanation:

. . . creditors of a corporation are not, unless otherwise provided by statute, made parties in a suit between a stockholder and the corporation to determine liability on a stock subscription, between the corporation and a third person to recover corporate assets, or in a suit brought against the corporation by creditors, stockholders or officers. It has been held that bondholders are not necessary parties to and are bound by the decree--even if adverse to their interests--in litigation wherein an indenture trustee under a bond issue is a party and exercises in good faith and without neglect his contractual authority to represent and assert the lien securing the issue. And so are these petitioners bound by the decrees in the chancery suit in which the Commissioners as parties appropriately asserted the lien for benefit of certificate holders--unless there was fraud or collusion.

Kersh Lake Drainage Dist. of Jefferson, Lincoln and Desha Counties v. Johnson, 309 U.S. 485, 4921, 60 S.Ct. 640, 84 L.Ed. 881, 128 A.L.R. 386 (1940).

For additional example, in FDIC v. Bank of New York, 479 F.Supp.2d 1 (D.D.C.2007), the court observed:

It is well settled that adjudicating an absent person's claim cannot "impair or impede the person's ability to protect [his] interest" if he is adequately represented by one of the existing parties. Id.; see Ramah Navajo Sch. Bd., Inc. v. Babbitt, 87 F.3d 1338, 1351 (D.C.Cir.1996). Accordingly, as a rule, "bondholders are not necessary parties to ... litigation wherein an indenture trustee under a bond issue is a party and exercises in good faith and without neglect his contractual authority to represent and assert the lien securing the issue." Kersh Lake Drainage Dist. v. Johnson, 309 U.S. 485, 491, 60 S.Ct. 640, 84 L.Ed. 881 (1940); accord Elwell v. Fosdick, 134 U.S. 500, 512, 10 S.Ct. 598, 33 L.Ed. 998 (1890).

Only under limited and special circumstances have courts concluded that trustees do not adequately represent the interests of absent beneficiaries. For example, when a single trustee represents beneficiaries with conflicting interests, the beneficiaries will be necessary parties.

479 F.Supp.2d at 10.

Generally, an indenture trustee may represent bondholders without each of them being made a party or being named as a party although the bondholders' interest is affected by the litigation. Further, in FDIC v. Bank of New York, a party relied upon Federal Rule of Civil Procedure 19, and argued that its noteholders were necessary parties because their absence would subject the party to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. The court rejected this argument because the party "represents the Noteholders as indenture trustee, the Noteholders will be bound by this Court's decision . . . ." Id. 479 F.Supp. at 12.[1] This is nothing new and an additional example is provided by Jackie's Cookie Corp. v. Giles County, 23 McCanless 131, 407 S.W.2d 446 (Tenn.1966).

As to the first general issue of whether all necessary parties are before the Court, it is submitted that the chancellor below was correct in not demanding that the bondholders be made parties-defendant. Union Planters National Bank is sued as Trustee under the mortgage and deed of trust document, and in this capacity represents the interests of the bondholders. In this capacity, its interest in the defense of this case is insured because of its duty as a fiduciary to the bondholders

407 S.W.2d at 448.

¶3 Does one of the named parties possess express contractual/trust/bond authority or power to represent the bondholders, or (2) does one of the named parties have authority implied in law to represent the bondholders?[2] Does Bank of Oklahoma, N.A., identified as 'trustee," possess authority to represent the bondholders? None of these questions are briefed by the parties. This absence on appeal relates to Appellant's failure to satisfy his burden to present error on appeal [3]

II. 12 O.S. § 2019 and Equity

¶4 Federal courts have recognized a vast difference between failure to join an indispensable party pursuant to Rule 19[4] and the jurisdiction of a court to adjudicate in the absence of that party.[5] Joinder in federal courts is no longer tied to the existence of joint rights and obligations, but is instead based upon "pragmatic considerations."[6] Similarly, we have explained that "a court must 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.'"[7] The court considers four factors:

1. To what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties;
2. The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
3. Whether a judgment rendered in the person's absence will be adequate; and
4. Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

12 O.S.2011 § 2019(B)(1)-(4).

These are the four factors which guide "equity and good conscience" for determining whether a non-party is indispensable to the litigation.

¶5 Taxpayer argues that our prior opinion determined that he had a remedy of injunction against government entities to prevent payments for allegedly illegal bonds. Taxpayer is incorrect. In Tulsa Indus. Auth. v. City of Tulsa, 2011 OK 57, 270 P.3d 113, we stated the following:

Taxpayer sought an order canceling the contractual obligations of the City and TIA, and stated that appropriate relief could be a money judgment to retire the bonds. Taxpayer thus raised several issues, including, but not limited to, the propriety of equity for canceling the issued bonds in these circumstances, and granting relief in the form of an order compelling payment of money. Whether this requested relief is proper in equity was not addressed by appellees in the trial court or by the motions to dismiss herein. We decline to address those issues prior to their consideration and adjudication in the trial court.

2011 OK 57, ¶ 28, 270 P.3d at 127.

We expressly declined to provide a first instance explanation of equitable remedies that were available for a plaintiff in the circumstances of this controversy. Taxpayer also argues that we remanded the case to the District Court for it to fashion an equitable remedy upon the presentation of the Taxpayer's evidence. Taxpayer is incorrect. We expressly declined to give an opinion on the nature of equitable remedies available to Taxpayer. Id.

¶6 On remand, Taxpayer pled "declaratory and injunctive relief, recision, restitution, unjust enrichment, and quantum merit." Public entities responded arguing that they would be subject to inconsistent judgments by potential actions of bondholders against them if the suit progressed on Taxpayer's claims. In sum, the bondholders could potentially enforce a bond while Taxpayer could potentially get the bond obligation rescinded. When parties claim a § 2019 (B) prejudice in equity is created by a taxpayer seeking to cancel bonds owned by strangers to the litigation, it is an improper response to assert that it is the District Court's obligation to sua sponte fashion some unspecified appropriate remedy for taxpayer's claims as they relate to the named parties and also thereby satisfy non-party bondholders and their interests.[8] The allegations of a plaintiff in equity are that the court of equity should grant the particular equitable relief sought to remedy a wrong existing at the time of the decree for which the law fails to provide an adequate remedy.[9] Once the other parties filed a § 2019 motion and made a showing of potential inconsistent judgments involving non-party bondholders, Taxpayer was required to respond and show how his requested relief did not create the alleged prejudice of inconsistent judgments, or make some other appropriate response to the § 2019 argument.

¶7 The trial court ruled that the nature of the equitable relief sought by taxpayer required the presence of the bondholders because of 12 O.S.2011 § 2019. We have indicated that a party may not seek to "destroy all rights of collection by the [bond] owner and holder thereof who is not a party to the action."[10] However, appellees incorrectly assert that in every instance when the legality of bonds are questioned the bondholders must be made named parties. Kersh Lake, supra; FDIC v. Bank of New York, supra. In certain circumstances, equitable relief may be obtained without each bondholder being a named party to the litigation. Appellant did not make a record for appeal or an appellate argument to place his equitable claim within these circumstances. Taxpayer was given opportunities to amend and add the bondholders. Taxpayer also had the opportunity to argue that one or more of the named parties represented the bondholders in fact or law for the purpose of Taxpayer's equitable request to destroy the bond obligations. Taxpayer had an opportunity to make a record showing such representation. Taxpayer did not make this argument. Taxpayer's arguments on appeal fail to show error on the part of the trial court's orders. I thus concur with the Court's opinion.

FOOTNOTES

[1] See also Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaii 251, 151 P.3d 732, 760 (2007), ("It has been held that bondholders are not necessary parties to and are bound by the decree--even if adverse to their interests--in litigation wherein an indenture trustee under a bond issue is a party and exercises in good faith and without neglect his contractual authority to represent and assert the lien securing the issue."). Cf. Broward County v. State, 515 So.2d 1273, 1274 (Fla.1987) ( "An indispensable party has been defined as 'one whose interest in the subject matter is such that if he is not joined a complete and efficient determination of the equities and rights between the other parties is not possible.' . . . [and pursuant to statute] it appears that the only parties absolutely necessary to a bond validation are the issuing entity and, if the conditions necessitating a defense are met, the state.")

[2] For example, when a municipality issues bonds paid by real property special assessments the city may be classified as an agent for the bondholder for the purpose of collecting funds and payment of bonds. State ex rel. Southern Surety Co. v. Armstrong, 1932 OK 381, 13 P.2d 198 ("The duty of such [municipal] officers is merely to act as the agent or instrumentality for the bondholder in the collection or disbursement of the funds so collected....") (Syllabus by the Court).

[3] Powers v. District Court of Tulsa County, 2009 OK 91, n. 22, 227 P.3d 1060, quoting Pracht v. Oklahoma State Bank, 1979 OK 43, 592 P.2d 976, 978 ("The appellant bears the burden of demonstrating a sufficient record and applicable law to demonstrate in this Court that the trial court committed error since error in the lower court is not presumed.").

[4] Cornett v. Carr, 2013 OK 30, ¶ 9, 302 P.3d 769, 772 (This Court has routinely relied upon federal case law to assist with interpretation of the corresponding sections of the Oklahoma Pleading Code.).

[5] Thunder Basin Coal Co. v. Southwestern Public Service Co., 104 F.3d 1205, 1211 n.4 (10th Cir 1997) ("It is sufficient to state that Southwestern's attempt to frame the question of Rule 19(b) indispensability in terms of subject matter jurisdiction necessarily fails. The issue of indispensability under Rule 19(b) is not a jurisdictional question.").

[6] Schutten v. Shell Oil Co., 421 F.2d 869, 871 (5th Cir.1970), citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 106-107, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967) (explaining that the more rigid determination of joinder based upon the common law doctrine of joint rights and obligations was replaced by the 1966 amendment to Rule 19 which made "indispensability" based upon "pragmatic considerations.").

[7] Colton v. Huntleigh USA Corp., 2005 OK 46, ¶ 33, 121 P.3d 1070, 1079, quoting 12 O.S.2001 § 2019(B).

[8] It is not clear from the Taxpayer's briefs whether he sought a judgment to void the nature of the obligation as a bond, or whether he sought a judgment to make the underlying repayment obligation void, or both. Generally, this Court has recognized that although a bond may be void, the underlying obligation may still nevertheless be enforceable unless such would violate statute or public policy. For example, an obligation evidenced by a statutorily improper bond may be enforced via equity as a common-law obligation when the obligation in the bond relies upon a valuable consideration and when such enforcement is not prohibited by statute or public policy. Gillespie v. Frisbie, 1915 OK 300, 148 P. 991; Lowe v. City of Guthrie, 1896 OK 22, 44 P. 198.

[9] Superior Oil & Gas Co. v. Meahlin, 1910 OK 96, 108 Pac. 545, 138 Am. St. Rep. 942 (The relief granted in equity is based upon circumstances existing at the time of the decree.); Clinton v. Miller, 1923 OK 306, 216 P. 135, 137 (The allegations established by a plaintiff must show that equity may be used to remedy a wrong for which there is no adequate remedy at law.)

[10] Hollingsworth v. City of Guthrie, 1952 OK 250, 245 P.2d 1159, 1160.

 






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1993 OK 130, 862 P.2d 71, 64 OBJ 3094, Prough v. Edinger, Inc.
Discussed 1915 OK 300, 148 P. 991, 46 Okla. 438, GILLESPIE v. FRISBIE
Discussed 1952 OK 250, 245 P.2d 1159, 206 Okla 634, HOLLINGSWORTH v. CITY OF GUTHRIE
Discussed 1932 OK 381, 13 P.2d 198, 158 Okla. 290, STATE ex rel. SOUTHERN SURETY CO. v. ARMSTRONG County Clerk et al
Discussed 1923 OK 306, 216 P. 135, 96 Okla. 71, CLINTON v. MILLER
Discussed 1910 OK 96, 108 P. 545, 25 Okla. 809, SUPERIOR OIL & GAS CO. v. MEHLIN.
Discussed 2003 OK 114, 89 P.3d 1034, BOSTON v. BUCHANAN
Discussed 2005 OK 46, 121 P.3d 1070, COLTON v. HUNTLEIGH USA CORP.
Discussed 2009 OK 91, 227 P.3d 1060, POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed 2011 OK 57, 270 P.3d 113, TULSA INDUSTRIAL AUTHORITY v. CITY OF TULSA
Discussed at Length 2013 OK 30, 302 P.3d 769, CORNETT v. CARR
Discussed 1979 OK 43, 592 P.2d 976, PRACHT v. OKLAHOMA STATE BANK
Discussed 1896 OK 22, 44 P. 198, 4 Okla. 287, Lowe v. City of Guthrie
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 2019, Joinder of Persons Needed for Just Adjudication
Discussed at Length